Thornton v. Winter.

---

## THORNTON v. WINTER.

1. The levy of an attachment on a pair of shoes, if really made, and the shoes of any value, is sufficient. If the levy is fictitious, or colorable, it would be quashed by the Court to which it was returned on motion.
2. The return of the sheriff, that he has levied on certain property by virtue of the writ, is an affirmation that it is the property of the defendant.

Error to the Circuit Court of Barbour.

DEBT commenced by attachment, by the defendant, against the plaintiff in error. The sheriff returned the attachment, " levied this attachment on one pair of shoes." Two persons were also summoned as garnishees, against one of whom a judgment was rendered on his answer, which was afterwards set aside, and the garnishment discharged.

The plaintiff obtained judgment against the defendant in attachment, and subsequently the plaintiff making the necessary affidavit, J. B. Robinson and J. Brooks were summoned as garnishees, and answering, a judgment was rendered against them for the amount admitted to be due.

The assignment of error, is, that there was no levy of the

attachment, on which to render judgment against the defendant or the garnishees.

S,HORTER, for plaintiff.

ALLISON, contra, cited 8 Porter, 245; 1 Ala. Rep. 303; 4 ib. 527; 6 ib. 831.

ORMOND, J.—By the attachment law of this State, the attachment may be levied " on the lands, goods, chattels or effects of the defendant, or it may be levied on a debt due him in the hands of his debtor, who is garnisheed to appear and answer."

The levy of the attachment, is by the statute made equivalent to the service of ordinary process, and is in law the appearance of the defendant. The levy on a pair of shoes, was, if really made, and the shoes were of any value, a sufficient levy to sustain the attachment. They are the goods of the defendant, and therefore within the terms of the statute. If the levy was fictitious, or merely colorable, it would have been discharged by the court to which the return was made, on motion to quash, or set it aside. The objection cannot be taken here, because we cannot know that the articles levied on are of no value.

The return of the sheriff, that he had levied on certain property by virtue of the writ, is an affirmation that it is the property of the defendant. To this effect, see the decisions cited by the counsel for the defendant in error, and especially Kirksey v. Bates, 1 Ala. 303. The other assignments of error are not insisted on.

Let the judgment be affirmed.