## KING v. BUCKS.

1. A plea in abatement of an attachment, merely denying the defendant's right to the property levied on by a sheriff, or other officer, is bad on demurrer. The return is matter of record, and cannot be contradicted by extrinsic evidence, upon an allegation which merely denies its falsity.

Error to the Circuit Court of Pickens.

THIS was an action commenced by attachment, on which the sheriff returned, "levied on fourteen bales of cotton." The defendant pleaded in abatement, that the cotton levied on was not his property, at the time the attachment was issued, nor when the levy was made, and concludes thus, "and this he is ready to verify; wherefore he prays judgment, if this court will, or ought to take cognizance of the said plea." The plaintiff demurred, and his demurrer was overruled, and declining to reply, judgment was rendered for the defendant.

B. F. PORTER, for the plaintiff in error, insisted that the plea presented no issuable fact, that it was no answer to the

King v. Bucks.

action to say, that the property levied on by the attachment belonged to a stranger. The plea is further defective in its conclusion. [Story's Pl. 75, 76 ; 1 Chit. Pl. 386 to 402 ; 3 Id. 895, and notes ; 2 Hen. & Munf. Rep. 308.]

C. E. B. Strode, for the defendant made the following points : 1. If the levy by the sheriff did not bring defendant into court, so as to attach the general jurisdiction to this particular case, he loses nothing by such an appearance as was made. [Tingley v. Bateman, 10 Mass. 343; Wheeler v. Lampman, 14 Johnson, 481 ; Gardner v. Barker, 12 Mass. 36 ; Malcolm v. Rogers, 1 Cow. 1.] 2. As a party must be in court by some manner of service of process, either personal or by publication, or attachment of property, it is a good plea in abatement, that the property attached was not his. [Guild v. Richardson, 6 Pick. 364.] 3. The conclusion, by prayer, that the " writ abate," or whether " defendant shall be held further to answer," are of same import. [Chitty Pl. 895, 897, see precedents."

COLLIER, C. J.—The levy of an attachment is equivalent to the personal service of process, that is, it has the same effect to give jurisdiction to the court, and entitles it to hear and determine the cause. [4 Stew. & Por. Rep. 184.] It has repeatedly been held, that when an officer returns he has levied an attachment on certain property, it will be intended that it was the defendant's, although the return affirms nothing in respect to the title. [4 Ala. R. 527.] So where the sheriff returned an attachment levied on certain land in the possession of a person not a party to the writ, it will be intended, in order to sustain the proceeding, that it was the property of the defendant, and levied on as such.

In Kirksey, et al. v. Bates, 1 Ala. Rep. 303, the attachment issued against the estate of three, and the sheriff returned, that he had levied on certain property, without expressing whose it was ; but the replevin bond indicated that it was the property of one of the defendants. This court was of opinion, that the return alone could be looked to as the source of information of the sheriff's acts, if it be false, it

cannot be questioned collaterally. His declaration must be credited; and if untrue, he will be accountable to the party aggrieved. "As it was the *execution* of the attachment which gave the court jurisdiction, and this right having attached, it will not be defeated, even if the property was permitted by the sheriff to be improperly replevied." So where an attachment returnable to the circuit court was levied on a pair of shoes, after judgment against the defendant, it was objected on error, that the levy was not sufficient to support the judgment; we held, that the levy of an attachment is by statute, equivalent to the service of ordinary process, and is in law the appearance of the defendant. "The levy on° a pair of shoes was, if really made, and the shoes were of any value, a sufficient levy to sustain the attachment." "If the levy was fictitious, or merely colorable, it would have been discharged by the court to which the return was made, on motion to quash or set it aside." [9 Ala. 613.]

In Maverick v. Duffee, 1 Ala. R. 433, it was decided that a plea in abatement, that the defendant was not served with a copy of the writ, as directed by the statute, is bad on demurrer. The court remarking "that the only mode by which advantage can be claimed, is by motion to set aside the service for irregularity, which can be granted in the exercise of a sound discretion, if it is necessary to prevent an injury to the defendant, or to advance the cause of justice."

The effect of the levy of an attachment, we have seen, is to bring the defendant before the court, and the return is quite as much a matter of record, and as conclusive as is the return of the service of a writ of *capias ad respondendum;* and if the one cannot be controverted, it is difficult to perceive upon what ground the other may be disputed. If a levy is "fictitious, or merely colorable," we have said that it may be set aside by the court; perhaps where it falsely affirms the property levied on is the defendant's, for the purpose of enabling the plaintiff to proceed in his suit, redress might be obtained in the same way. So where the officer is not satisfied that the property he seized was liable to the attachment, he may, on application to the court, obtain permission to amend his return. But following the analogy of

the cases cited, a plea in abatement, merely denying the defendant's right to the property levied on, cannot be supported. Such a plea would deny the return, which must be regarded as a record, and when too it stated no other ground than its falsity for the admission of parol evidence to contradict the record. Our conclusion is, that the judgment of the circuit court is revered, and the cause remanded.