## GRIER vs. CAMPBELL.

1. In a suit against a non-resident defendant commenced by attachment, if the plaintiff makes a simulated levy on property to which the defendant has no claim of right, the levy will not have the effect of constructive notice, so as to authorize the court to render judgment; a judgment predicated on such levy is no more binding than a judgment rendered upon ordinary process of

which the defendant had no notice whatever; and it is immaterial what length of time elapses between the levy and rendition of judgment, since the court has no jurisdiction to render any judgment at all.

2. *It seems*, that, upon the authority of Thornton v. Winter, 9 Ala. 613, the levy of an attachment, in good faith, upon a brass candlestick, really the property of the defendant in the attachment, would be sufficient to sustain a judgment against the defendant, such levy falling within the letter of the statute; but whether such levies conform to the spirit and intent of the statute, and should not be wholly disregarded, upon the maxim "*de minimis non curat lex*." *Quaere?*

3. Where a judgment is rendered against a non-resident defendant in an attachment suit, predicated upon a mere colorable levy of the writ upon a chattel of trifling value as the property of the defendant, to obtain relief against which he files his bill in equity, alleging that he was not indebted to the plaintiff, which allegation the plaintiff in his answer denies, the judgment thus obtained does not impose upon the complainant the *onus* of proving the negative allegation, that he was not indebted to the plaintiff in attachment.

4. The lapse of two years and eight months from the rendition of a judgment at law, held, not such as to bar relief in equity against it.

5. When a bill is dismissed by the Chancellor, upon the final hearing on bill, answer, exhibits and proof, and the cause is brought to the Appellate Court by writ of error, where the decree is reversed, that court will not remand the cause, that further evidence may be taken, but will render such decree as the Chancellor should have rendered.

ERROR to the Chancery Court of Macon.
Heard before the Hon. W. W. MASON.

This was a bill filed by Grier against Campbell, in the Chancery Court of Macon county, charging that, the plaintiff being a citizen of the State of Georgia, Campbell sued out an attachment against him, on the 2d November, 1844, for the recovery of $232$\frac{65}{100}$, which writ was levied on the 11th March, 1845, on one brass candlestick by the sheriff of Macon county; that, on the 19th October, 1846, judgment was rendered on said writ of attachment in the Circuit Court of Macon, to which court said writ was made returnable, in favor of Campbell, and against the plaintiff, for the sum of $279$\frac{90}{100}$, besides costs, &c.

Complainant averred that he had never been a citizen of the State of Alabama; was not in the State either when the attachment issued, or when it was levied; that he had no property in the State then or previous to that time; that the candlestick levied on was not his, and that he had no notice of the proceedings until the sheriff called on him with an

execution issued upon said judgment; that he was not indebted to Campbell at the time of the issue of said attachment, and could have defeated his action if he had received any notice of their pendency, and that he does not believe Campbell can in any way establish an indebtedness against him. He, therefore, prayed an injunction, and that the same, on final hearing, might be rendered perpetual. The bill was filed July 19, 1849.

An injunction was duly granted, upon the filing of a release of errors, and giving bond as required by the *fiat* of the judge awarding it, and Campbell, having been served with process of subpoena, answered the bill substantially as follows: Admits the issue of the attachment, its levy, the rendition of judgment and that he caused an execution to be placed in the sheriff's hands as charged; does not admit that, when the process of attachment was sued out, the said Grier had no property in this State, but says he was informed creditably that he owned property in this State of considerable value; that he does not know whether the candlestick levied on was or not the property of the plaintiff, and has no information beyond that furnished by the levy and the bill; avers that the attachment issued more than six months before the judgment was rendered, and insists that this amounted to constructive notice; is not able to state when complainant first received actual notice of the judgment; denies the charge that the complainant was not indebted to him, or that he could have successfully defended against the action; insists, on the contrary, that he owed him the sum of $232$\frac{65}{100}$, for so much paid out for complainant's use in this: that several years before the issue of the attachment, the complainant had instituted suit in respondent's name, but without his knowledge or consent, in the Circuit Court of Autauga; that in consequence of this unauthorized act, respondent was compelled to pay, by execution, the above sum, and this judgment on the attachment is for the sum so paid, and was justly due and remains unpaid.

The sheriff, who made the levy of the attachment, was examined as a witness, and states, that he knew of no property of Grier in this State; that a candlestick was pointed out by the attorney for Campbell, which was in the said at-

22

torney's office, and he was requested to levy the attachment upon it, and did so, but never took it into his possession, or any bond for its delivery. He left it where he found it, and knows nothing as to what became of it.

The complainant below also proved, by Selden S. Walker and Thomas Flournoy, that he resided in the State of Georgia, and had never lived, or. to their knowledge, owned any property in this State, except notes which he had on persons residing here. This was all the proof, except the record of the proceedings on the attachment.

Upon this proof, the Chancellor, on the final hearing on bill, answer, exhibit and proof, dissolved the injunction, dismissed the bill at the complainant's cost, and decreed the injunction bond to have the force and effect of a judgment at law, and that the defendant recover of the complainant six per cent. upon his judgment at law, as damages sustained by the suing out of the injunction.

This decree is assigned for error, and the plaintiff in error insists that the injunction should have been rendered perpetual, and that the Chancellor erred in awarding damages.

P. T. SAYRE, for plaintiff in error:

1. The case made by the record, falls within the influence of the principle decided in the case of Crafts v. Dexter, 8 Ala. 767 ; see, also, Jones v. Pope, 6 Ala. 154.

2. It was necessary for the complainant to aver that he owed the defendant nothing, otherwise he would have shown no injury. This negative averment, however, did not have the effect of shifting the burthen of proof on the plaintiff. 8 Ala. 771; ib. 750; 6 ib. 726. The party who alleged an indebtedness must prove it. 10 Ala. 311; 2 Phil. Ev. C. & H. notes, pp. 475, 478.

G. W. GUNN, contra, contended:

1. That, as the bill was filed to enjoin a judgment at law, it was incumbent on the complainant, not only to aver the judgment was unjust by reason of some defence going to the whole recovery, but he must show this by proof. 19 Ala. 224; ib. 686; 7 Por. 549; 2 Ala. 20; 9 ib. 120. That the bill does not aver the judgment is unjust, but merely, that

the plaintiff did now owe, &c. The allegations must be taken most strongly against the pleader. 16 Ala. 423.

2. The answer is responsive, and must be taken as true; 3 Stew. 95; 3 Ala. 458; 15 ib. 600; 14 ib. 370; and especially in this case, where fraud is charged. 4 Ala. 60; 1 S. & P. 317.

On dismissing such bill, damages should be given. 10 Ala. 596. The party had constructive notice. 6 Ala. 373; 4 ib. 527; 9 ib. 613; 8 Por. 245. The levy was sufficient, if made in good faith. 6 Ala. 373; 4 ib. 527; 9 ib. 613; 8 Por. 245. The lapse of time should operate against this application.

CHILTON, J.—In consequence of the impracticability of effecting personal service upon defendants in many cases, the statutes have prescribed certain modes of procedure, which are regarded as legal or constructive notice to them, so as to authorize the rendition of judgment.

One of the means provided, when the circumstances justify it, is the issue of an attachment, which, when duly levied upon the defendant's property, is considered as bringing him into court, since it is but a reasonable inference, from the relation which the defendant bears to his property, that he will be put upon inquiry concerning it, and thus be brought to a knowledge of the process by which it is impounded.

But care must be taken that the property levied upon is the property of the defendant; for it is too clear to admit of argument, that if the plaintiff make a simulated levy on property to which the defendant has no claim of right, this will not have the effect of constructive notice so as to authorize the court to proceed to judgment. Indeed, a judgment predicated upon such levy, is no more binding than a judgment rendered upon ordinary process, of which the defendant had no notice whatever. And it is wholly immaterial what length of time transpires between the levy and judgment, inasmuch as the court does not acquire jurisdiction of the cause, and cannot, therefore, properly render any judgment against the defendant.

It has been decided, that the levy of an attachment upon a pair of shoes, if really made, and the shoes are of any

Grier v. Campbell.

value, is sufficient. Thornton v. Winter, 9 Ala. 613. And, by parity of reasoning, the levy in good faith upon a candlestick, although not worth more than a dime, if it was really the property of the defendant in the attachment, would be sufficient to sustain the judgment. Such levies fall within the letter of the statute, as they are made upon "the goods of the defendant;" but whether they conform to its spirit and intent, and should not be wholly disregarded, upon the maxim "*de minimis non curat lex*," is a question worthy of consideration, and one which we prefer to consider as open, notwithstanding the decision in Thornton v. Winter, *supra*, since the view we take of this case renders its decision unnecessary.

It is hardly necessary to repeat the facts proved in regard to the right of property in the candlestick levied upon in this case. It is very clear that it was not the property of Grier. It was not in his possession, but in the possession of the counsel for the plaintiff, who pointed it out as the subject of levy. The bill explicitly charges, that it was not the property of the complainant, and the defendant denies all knowledge concerning it, save such as he obtained from the bill and levy, and, therefore, neither admits nor denies the fact as charged. The plaintiff is proved to have been a resident, at the date of the levy and for years previous thereto, of the State of Georgia, and a permanent planter in that State, without property, except, perhaps, notes, in this State. Superadd to all this the fact, that the person in whose possession the candlestick was found, and who must be presumed to have known more about the ownership of it than any one else, has not been examined. We cannot hesitate to pronounce that the levy was not real, but colorable merely, and that the judgment founded upon it was wholly unwarranted.

Whether this of itself would not justify the Court of Equity to interfere and afford relief, by putting the parties on a legal equality, leaving them afterwards to contest the question of indebtedness in a court of law, we need not now decide. Certain it is, that a judgment thus obtained, cannot have the effect of imposing upon the plaintiff the *onus* of proving the negative allegation, that he does not owe the alleged indebtedness.

The plaintiff distinctly avers the jurisdictional fact, that he

did not owe the demand. This is equivalent to an averment that the judgment was unjust. He could not be supposed, from the nature of the case, to be able to prove this negative assertion; whereas, the plaintiff, if such indebtedness did in fact exist, could easily have proved it. Carpenter v. Devon, 6 Ala. 718; Crafts v. Dexter, 8 ib. 767, and authorities cited in these cases.

The lapse of time intervening between the rendition of the judgment and the filing of the bill, is not such as to bar the relief sought by the plaintiff.

Upon the whole case, our conclusion is, that the Chancellor clearly misconceived the law, and his decree must, therefore, be reversed.

We are asked, in the event of a reversal, to remand the cause, that further evidence may be taken, &c. But this is contrary to the practice, and to the statute, which requires us to render such decree as the Chancellor should have rendered.

Let a decree be here entered, reinstating and perpetuating the injunction, but without prejudice to the right of the defendant to sue in a court of law for the demand upon which the said judgment was rendered; and let the defendant pay the cost of this court and of the Chancery Court.