## McCLURE, et al. v. COLCLOUGH, et al.

1. When the answer alleges that the complainants appeared to and defended a motion to render judgment against them as sureties to a sheriff's bond, although this fact, if true, would present a bar to relief in equity, yet it can only appear by the production of the record in aid of the assertion: and the injunction should not be dissolved on the assertion merely.

2. When the sureties of a sheriff, against whom a judgment, on motion, has been rendered, and they have filed their bill putting either the *factum* or legal sufficiency of the bond in issue, the injunction should be retained until the determination of the issue, or until the production of a record, by which the questions at issue are concluded.

3. It is no ground for resort to a court of equity by sureties on a writ of error bond, that the judgment had previously been affirmed on another writ of error, of which fact they were ignorant. If the second affirmance was irregular, they should apply to the court rendering it, to correct the irregularity.

WRIT of error to the Court of Chancery, for the 9th District of the Southern Division.

The statement of the case as made by the bill, sufficiently appears in the report of the same case at January term, 1843. The answer of the defendant, Colclough, having been filed, a motion was made to dissolve the injunction on the ground that all the equity of the bill was denied. The part of the answer, which covers the allegation of the bill, that the bond was never received and approved by the proper officer, is in these terms, "defendant is informed and believes, that the judge of the county court received the said bond and ordered it to be filed in the office as the official bond of the said McRae; and he submits that this in law

and in equity, is an approval." He also asserts, that the complainants had notice of the motion against the sheriff, and submits that the judgment obtained upon it, is an estoppel now to contest its validity. It is admitted that the judgment was never affirmed, and that Dansby and Campbell, the sureties to the last writ of error, were ignorant that a previous writ of error had been sued out.

The chancellor allowed the motion, and the complainants appealed from his order dissolving the injunction.

BUFORD, for the plaintiffs in error.

HARRIS, contra.

GOLDTHWAITE, J.—1. When this case was before us at a former term, [5 Ala. Rep.] on a decree dismissing the bill for want of equity, we considered the effect of the judgment upon the motion against the sheriff and his sureties, as not concluding the latter from asserting any defence which went either to the *factum* or legal sufficiency of the bond. The reasons which induce this conclusion with regard to a large class of cases, was sufficiently stated in Gibbs v. Frost, et al. [4 Ala. Rep. 720.]

We had previously held in several cases, that when the sureties chose, in the first instance, to resist the motion for judgment against them, they were at liberty to do so upon any ground of defence open to them. [Harris v. Bradford, 4 Ala. Rep. 214; Jamison v. Harper, 1 Por. 431.]

The consequence of these decisions would seem to be, that although the sureties cannot be compelled to litigate their rights, when the motion is made for judgment against them, yet if they claim their privilege to be then heard, and enter upon their defence, there is no reason why they should not be concluded to the fullest extent. In the case of a defence by the sureties, the record would necessarily declare the fact and the defect of the answer in reference to the denial or avoidance of the equity of the bill in this particular, is, that it undertakes to assert a fact which can only be properly shown by producing the record of the proceedings had upon the motion.

2. Another peculiarity grows out of our practice of allowing summary judgments against sureties without notice to them.—We have already shown, by reference to our decisions, that these

judgments can only be warranted by throwing open the contest with respect to their liability in another forum. It follows as a consequence, that whenever they put either the *factum* or the legal sufficiency of the bond in issue, the judgment upon the motion cannot be turned loose against them, without the determination of this issue. After an injunction is once allowed upon a proper showing in such a case, it ought to be retained until it is shown that their rights have been concluded by making an ineffectual defence upon a trial at law, or by a hearing in the court of chancery. Here, it is true, the defendant answers that the bond was received and filed in the clerk's office, and it is equally true, that this would warrant the presumption of an approval by the proper officer, but this is the matter in issue, and the assertion affords no ground to dissolve the injunction for the reasons before stated.

3. With respect to the admission by the defendant, of the supposed equity of the complainants, Dansby and Campbell, growing out of their ignorance, that a previous writ of error had been sued out, and the judgment then affirmed; it is necessary only to say, that these facts present no ground whatever, for the interference of chancery. If the second affirmance was irregular, the application to correct the irregularity, should be made here.

From what has been said, it will be apparent, that we consider the motion to dissolve the injunction, should have been denied.

Decree reversed, and remanded.