## TALIAFERRO'S ADM'R vs. BRANCH BANK AT MONTGOMERY ET AL.

1. When a defendant in a judgment at law comes into equity for relief, alleging matters which would have constituted a good defence to the action at law, he must show by his bill that his failure to discover and avail himself of his defence at law was not attributable to any negligence or want of diligence on his part, but to fraud, accident or the act of the opposite party.

2. An allegation that complainant was ignorant of the facts on which he relies as a defence until long after the rendition of the judgment, is not sufficient.

APPEAL from the Chancery Court at Montgomery.
Heard before the Hon. JAMES B. CLARK.

THE appellant, as administrator of Thornton Taliaferro, deceased, exhibits his bill, in which he sets forth and charges, that on the 1st day of March, 1841, one Bushrod W. Bell drew his bill of exchange for the sum of $8754 80, addressed to one B. J. Guise; that said bill was endorsed by James C. Boyd and his intestate, and was bought by the Branch Bank at Montgomery; that the parties to said bill were liable according to the order in which their names appear upon it, that is, Boyd as first, and his intestate as second endorser; that after said bill was negotiated to and became the property of said Bank, Thornton Taliaferro died insolvent, and the complainant became his administrator; that pending such administration the Bank filed the bill of exchange as a claim against the estate of said Thornton Taliaferro, and judgment was rendered by the Orphans' Court in its favor, for $1446 42, the *pro rata* share of this demand in the assets of the estate of said Thornton Taliaferro, deceased.

The bill then charges, that since this judgment was obtained, the complainant has been informed and believes, that, at the time of such judgment, the Bank had no claim or demand against the estate of his intestate, and that before that time Boyd, the first endorser on the bill before mentioned, had paid the amount in full to the Bank; that "this was not known to

orator until long after the rendition of said judgment in said Orphans' Court as aforesaid."

It is further alleged, that if the debt was not so paid, that some secret arrangement, founded on sufficient and valuable consideration, had been made between Boyd and the Bank, by which the latter agreed with the former to extend the time of payment, without the knowledge or consent of the complainant or his intestate, and that complainant had no knowledge of this arrangement, "until long after the rendition of said judgment in the Orphans' Court, and for this reason said defence was not made in said Orphans' Court before judgment."

It is further charged, that, notwithstanding these things, the Bank has had execution issued, which is now in the hands of the sheriff, and is thus attempting to enforce the collection of its judgment. The bill prays an injunction and general relief.

Boyd and the Bank answer, and also demur to the bill for want of equity.

The Chancellor sustained the demurrer, and dismissed the bill; from which decree the complainant appealed to this court, and here assigns it for error.

T. WILLIAMS, for appellant, cited Dunham v. Carter & Carroll, 2 Stewart 496; Boyd v. Woodfin, 3 Stewart 360; Corner v. Corner, 3 Ala. 524; Gray v. Dennis, 3 *ib.* 716; 9 Porter 631; 13 Ala. 471.

N. W. COCKE, *contra :*

There is no equity in the bill:

1. The charge, as to the payment of the debt by Boyd, puts in issue the fact of the complainant's information merely, and not the fact of the payment.—Story's Eq. Pl. § 242 to § 256; Reed v. Walker, 18 Ala. 332; Spence v. Duren, 3 *ib.* 253.

2. The bill does not show such an excuse for failing to make the defence at law, as will justify the interposition of a court of equity.—5 Port. 547; 2 Ala. 20; 9 *ib.* 120; 17 *ib.* 672; 17 *ib.* 719; 19 *ib.* 686.

3. There is no allegation that the debt has been paid by Boyd since the rendition of the judgment; but if there was, it would not benefit the complainant, for in that case, he has a complete remedy at law.—19 Ala. 686, *supra.*

LIGON, J.—A long and unbroken chain of decisions in this court hold, that when a defendant at law, after judgment, seeks the aid of a court of chancery, in matters which would have formed a good defence at law, he must show by his bill that his failure to discover and avail himself of his defence at law is not attributable to any negligence or want of diligence on his part, but to fraud, accident, or the act of the opposite party.—Mc-Grew v. Tombeckbee Bank, 5 Por. 547; French v. Garner, 7 *ib.* 549; Lee & Norton v. Insurance Bank at Columbus, 2 Ala. 20; Stinnett & Townsend v. Br. Bk. at Mobile, 9 *ib.* 120; Foster v. The State Bank, 17 *ib.* 672; Powell v. Stewart, *ib.* 719; Perrine v. Carlisle, 19 *ib.* 686.

In the case of McGrew v. Tombeckbee Bank, the defence relied on by the surety was, that the principal had paid the debt to the Bank in a few days after the note was discounted, and such was proved to be the fact; but the bill there simply alleged, as does this bill, that the complainant was ignorant of his defence until long after the trial and judgment at law, but did not show that the complainant had made any inquiry at the Bank, or of any of the other parties to the note, to ascertain his defence before the trial at law, and for this reason the court held that his bill was without equity. In cases of this kind, it is not only necessary that the party should show a good and valid defence to the action, but he must exempt himself from all blame for failing to use it at law. A good defence and ordinary diligence in ascertaining and relying upon it are both required to entitle him to a standing and to relief in a court of equity.—Crafts v. Dexter, 8 Ala. 767.

While it is clear that either of the defences set up in this bill would have been available at law, it is equally evident that complainant does not even attempt to show that he used any diligence whatever to ascertain them before the judgment was obtained in the Orphans' Court. From his own showing, culpable negligence is attributable to him, and he offers no facts to excuse himself.

The demurrer was, therefore, properly sustained by the Chancellor.

We have, however, extended our examination of this case beyond the demurrer, and find in the answer of Boyd and the Bank, and in the testimony of Whiting, facts which clearly es-

tablish that this bill was drawn under an ignorance or mistake of the true state of the case between the parties. Without pretending to say what would be the issue of a new bill, predicated on the state of the facts found in the answers and proof, we think enough is shown by them to have authorized the court below to have dismissed the bill without prejudice, and as the whole case was before the Chancellor, such should have been the decree. The decree must for this reason be reversed.

Let a decree be here rendered, dismissing the bill without prejudice, at the cost of the appellant.