# WATT *vs.* COBB.

[BILL IN EQUITY FOR INJUNCTION OF JUDGMENT AT LAW.]

1. *Equitable relief against judgment at law.*—A defendant in a judgment at law, who seeks relief against it in equity on grounds which would have formed a good defense at law, must allege and prove that his failure to discover and avail himself of such defense at law was attributable, not to any negligence or want of diligence on his part, but to fraud, accident, or the act of the opposite party.

APPEAL from the Chancery Court of Randolph.

Heard before the Hon. JOHN FOSTER.

THIS bill was filed by Joseph Watt, the appellant, against George S. Cobb, Lemuel Cobb, and William H. Cunningham; and sought to enjoin four judgments at law which the said George and Lemuel Cobb recovered against complainant, as the garnishee of Isaac Suttles. The judgments of George and Lemuel Cobb against Suttles, for $45 66 each, were .rendered at the spring term of the circuit court of Randolph, 1846. The complainant was summoned, as garnishee, on the 30th June, 1846, to answer at the ensuing fall term. The record of the garnishment case, which was in evidence, showed that a judgment *nisi* was rendered against the garnishee, by default, at the fall term, 1846; that a *scire facias* on this judgment was served on the garnishee, on the 19th April, 1847; that at the spring term, 1847, the garnishee appeared, and it was ordered that he be allowed until the next term to answer in open court; that at the same term he filed a written answer, which was sworn to and subscribed before said Cunningham, who was the clerk of the court; that no notice was taken of the case at the fall term, 1847; that judgment *nisi*, by default, was rendered against the garnishee at the spring term, 1848, and a *scire facias* ordered to issue; that at the next term an *alias scire facias* was awarded; and that at a subsequent term a final judgment was rendered, which recited the issue and return of

two writs of *scire facias;* but the record does not show at what time this judgment was rendered, nor did it show, except by its recitals, the issue and return of the writs of *sci. fa.* The bill alleged, that the complainant appeared, in obedience to the garnishment, and answered, denying any indebtedness to the defendant in the writ; that he was then informed by the court that he was discharged as garnishee; that he left the county some time afterwards, and had no notice whatever of any subsequent proceedings against him, until the levy of an execution issued on the judgments against him, after the expiration of the period within which he might have reversed the judgment on error or appeal; and that Cunningham, the clerk of the court, was the owner of the judgments, and fraudulently entered them up as clerk, and purposely delayed to sue out execution on them until after an appeal was barred. The defendants answered; denying the material allegations of the bill, and insisting that the judgments were regularly rendered after two returns of *non est inventus* on writs of *scire facias;* and the defendant Cunningham averred, that he was only interested in the judgments to the extent of his fees as clerk, and some of the witness-certificates.

On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

J. FALKNER, and J. W. GUINN, for appellant.

JNO. T. HEFLIN, *contra.*

WALKER, J.—" A long and unbroken chain of decisions in this court hold, that when a defendant at law, after judgment, seeks the aid of a court of chancery, in matters which would have formed a good defense at law, he must show by his bill, that his failure to discover and avail himself of his defense at law is not attributable to any negligence or want of diligence on his part, but to fraud, accident, or the act of the opposite party."—Taliafero v. Branch Bank at Montgomery, 23 Ala. 755, and authorities cited.

The *onus* of proving the excuse for not defending at

law was thrown upon the complainant by the answers.
The proof does not show that such excuse existed. There
is no testimony sustaining the allegation that the com-
plainant was discharged from the garnishment, or was led
to regard himself as discharged, by any act of the court,
or of the respondents. Nor does the proof tend to show
that the judgments were procured by fraud.

The irregularities in the proceedings of the circuit court
might have authorized a reversal of the judgments on
error or appeal; but the complainant does not prove that
he was prevented, by any other cause than his own want
of diligence, from availing himself of the errors in those
proceedings by appeal or writ of error.

The decree of the court below is affirmed.