## McCOLLUM *vs.* PREWITT.

[BILL IN EQUITY FOR INJUNCTION OF JUDGMENT AT LAW.]

1. *Equitable relief against judgment at law, on ground of discovery.*—After the rendition of a judgment at law against a party, he cannot maintain a bill in equity for a discovery as to matters of purely legal

cognizance, without showing a sufficient excuse for his failure to take the proper steps to obtain the discovery, either by bill in equity, or by interrogatories under the statute, while the action at-law·was pending.

2. *Same, on ground of usury.*—Usury in the note on which a judgment at law is founded, constitutes no ground for equitable relief against the judgment, unless a sufficient excuse is shown for the failure to make the defense at law.

3. *Same, on account of. surprise, accident, mistake, or fraud.*—A party who seeks equitable relief against a judgment at law, on grounds which were available as a defense at law; and who simply shows that he had a valid defense to the action, and a sufficient excuse for his failure to be present at the trial term, at which the judgment was rendered; but fails to show that he had employed counsel, or summoned witnesses, or taken any other steps to defend the action, although it was pending more than six months before the judgment was rendered,—does not relieve himself from the imputation of negligence, and, consequently, is not entitled to relief.

4. *Same, on account of irregular affirmance on certificate.*—The affirmance of a judgment by the supreme court, on certificate, at the term next preceding that to which the appeal is taken, may be corrected on motion, and, consequently, furnishes no ground for equitable relief against the judgment.

APPEAL from the Chancery Court of Fayette.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 30th September, 1859, by James K. McCollum, against John W. Prewitt; and sought to enjoin a judgment at law, which said Prewitt had recovered against said McCollum and others. The action at law, in which said judgment was rendered, was commenced on the 20th September, 1858, and was founded on a promissory note for $1050, executed by said McCollum and others, dated the 8th July, 1856, and payable six months after date; and the judgment was rendered, on the verdict of a jury, on the 19th April, 1859. The consideration of said note, according to the allegations of the bill, was $400 loaned by said Prewitt to said McCollum, and an open account, for about $100, which McCollum's son had contracted with Prewitt; the residue consisting of usurious interest on the money loaned. In addition to the charge of usury, the complainant alleged, that he had delivered to he defendant, before the rendition of said judgment, ware-

McCollum v. Prewitt.

house receipts for sixteen bales of cotton, "upon the special trust and confidence that he (said defendant) would take control of said cotton, dispose of the same, and apply the proceeds to the discharge of said debt;" that the defendant sold the cotton, but failed to give the complainant credit on the note for the amount of the proceeds of sale, and refused to inform him of the amount realized by the sale; and that the complainant knew no person, except the defendant, by whom he could prove the trust on which the defendant received the cotton, and the price for which it was sold. In excuse of his failure to appear and defend the action at law, the complainant alleged, that his residence was twelve miles from the court-house; that his wife was dangerously ill during the entire term of the court at which the judgment was rendered, and required his constant attendance; that he sent an agent to the court, to make his excuse for non-attendance, and to ask a continuance of the cause; that said agent informed him, on his return, that the cause had been passed by the court, in order that he might have an opportunity to submit an affidavit, stating the cause of his absence and the grounds of his defense, and that the cause would be continued, or at least so much of it as he proposed to litigate, on the reception of his affidavit; that he accordingly made an affidavit before a justice of the peace, stating therein the grounds of his defense and the cause of his personal absence, and forwarded it to the court; and that he did not learn, until after the adjournment of the court, that his application for a continuance had been disregarded, and a judgment rendered against him for the full amount of the note and interest thereon. The complainant further alleged, that, on or about the 1st July, 1859, he sued out an appeal from said judgment, returnable to the next January term of this court, and gave bond, with sureties, to supersede said judgment; and that on or about the 14th July, 1859, the defendant procured an affirmance of said judgment in this court, on certificate, "by improperly representing, through his attorney, that said appeal was taken

to the June term, 1859, of said court, and suppressing the fact that it was taken to the January term, 1860." The prayer of the bill was for an injunction of the judgment, a discovery as to the proceeds of the cotton, an account, and general relief. The chancellor dismissed the bill, on motion, for want of equity; and his decree is now assigned as error.

W. P. CHILTON, with THOS. M. PETERS, for appellant.
E. W. PECK, with E. A. POWELL, contra.

STONE, J.—The first point relied on in support of the equity of the present bill is, that it can be sustained as a bill for discovery. It has long been settled in this State, that a party who is sued at law, and suffers judgment to go against him, cannot afterwards maintain a bill for discovery of matters of purely legal defense to the action at law, unless he shows sufficient excuse for not defending at law, and brings himself within the rule which, in certain cases, allows a party, after trial at law, to have a retrial in equity.—See *Powell v. Stewart*, 17 Ala. 710; 1 Reav. Dig. 284, § 696. Under this principle, bills for discovery, after judgment at law, are placed in the same category with other bills for relief against judgments at law, on account of alleged *fraud*, *accident*, or the *act of the opposite party*.

[2.] The second ground relied on is, that there is usurious interest charged in the note, and recovered by the judgment. This ground stands on the same footing as the other, and comes too late, unless a sufficient excuse be rendered for not defending at law.—See *Mallory v. Matlock*, 10 Ala. 595; *Jones v. Kirksey*, ib. 579.

[3.] This case must, then, be disposed of without any reference to the points above noted, further than they tend to show that complainant had a good and valid defense to the action at law. It was early settled in this court, and has never been departed from, that equity will not interfere after a judgment at law, unless the party can impeach

the justice of the judgment *by facts*, or *on grounds*, of which he could have availed himself, and was prevented from doing so by fraud, accident, or the act of the opposite party, *unmixed with fault or negligence on his part.*—*French v. Garner*, 7 Por. 549 ; *Davis v. McCampbell*, and *Shannon v. Reese, adm'r of King*, both at the present term.    In the present case, Mr. McCollum had been sued some seven months before the judgment was rendered.    He probably shows a sufficient excuse for not being present at the term of the court when judgment was given against him.    But for his omission to make preparation during all the time intervening between the commencement of the suit and the trial, he offers no excuse.    He filed no bill, and served no interrogatories for discovery, in aid of his defense at law ; and if he employed counsel to defend him, or summoned witnesses to testify in his behalf, he has not informed us of it.    This does not relieve him from the imputation of negligence.—*Haughey v. Strang*, 2 Por. 177 ; *Pharr v. Reynolds*, 3 Ala. 521 ; *Stinnett v. Branch Bank*, 9 Ala. 120 ; *Foster v. Bank*, 17 Ala. 672 ; *Hair v. Lowe*, 19 Ala. 224 ; *Perrine v. Carlisle, ib.* 686 ; *Watts v. Gayle*, 20 Ala. 817 ; *Talliaferro v. Branch Bank*, 23 Ala. 755 ; *Allman v. Owen*, 31 Ala. 167 ; *Moore v. Lesueur*, 33 Ala. 243.

[4.] The irregularity in the affirmance of the judgment by this court, could have been corrected on motion, and furnished no ground for equitable interposition.—*McClure v. Colclough*, 6 Ala. 492.

Decree of the chancellor affirmed.