# WILLIAMS AND WIFE *vs*. TROY.

[BILL IN EQUITY BY MORTGAGOR TO ENJOIN SALE UNDER MORTGAGE.]

1. *Offer to do equity.*—A mortgagor, who seeks to enjoin a sale of the property under the mortgage, on the ground that the mortgagee is proceeding to sell, contrary to law, without having the actual possession; while he admits the validity of the mortgage, and shows by his bill that the mortgage debt is past due, and that he retains the possession of the property,—must offer to do equity, either by tendering the amount due on the debt, or by offering to deliver possession.

Williams and Wife v. Troy.

APPEAL from the Chancery Court of Dallas.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 21st June, 1861, by John D. F. Williams and Emily, his wife, against D. S. Troy; and sought to enjoin the defendant from selling certain town lots in Cahaba, under a mortgage executed to him by the complainants. The complainants purchased the lots from the defendant in February, 1857, at the price of $4,500, for which they gave their promissory note, payable on the 1st March, 1861; and, to secure the payment of the note, executed a mortgage on the lots, containing a power of sale if default was made in the payment of the note at maturity. The bill alleged, that the lots constituted a part of Mrs. Williams' separate estate; that the complainants were in the quiet and lawful possession of them, and were entitled to retain the possession, until dispossessed by suit, under the provisions of the act approved February 8, 1861, commonly called the "stay-law;" that the defendant, denying that the "stay-law" was applicable to mortgages executed prior to its passage, had advertised the lots for sale, on the 24th June, 1861, under the power of sale contained in the mortgage; that the complainants had not been able to obtain the money to pay the note, in consequence of the condition of Mrs. Williams' property, and other circumstances; and that if the lots were sold under the mortgage, they would not bring one-third of their value, in consequence of the doubts entertained as to the constitutionality of the "stay-law" in its application to mortgages executed prior to its passage, and the existence of the war in which the country was then involved.

The chancellor sustained a demurrer to the bill, for want of equity; and his decree is now assigned as error.

BYRD & MORGAN, for appellants.
GOLDTHWAITE, RICE & SEMPLE, contra.

R. W. WALKER, J.—It is not necessary, in this case, that we should decide the question raised by counsel as to the constitutionality, so far as it relates to antecedent

mortgages, of the 3d section of the act of Feb. 8th, 1861, commonly known as the "stay-law."—Acts of Called Session, 1861, p. 4. For, however that question may be decided, the chancellor's decree dismissing the bill must be affirmed. If the provision of the 3d section of the act referred to, making it unlawful for the mortgagee to sell the property without having actual possession thereof, be unconstitutional, so far as it applies to mortgages such as this, executed prior to the passage of the act, and the power of sale contained in the mortgage itself does not require that the mortgagee shall have actual possession before making sale, there is obviously no ground for an injunction. If, on the other hand, the mortgagee was bound, either by a valid law, or by the mortgage itself, to have actual possession of the property before selling it, still there was no error in dismissing the bill. The bill shows that the mortgage debt is due, and that the complainants are in possession of the mortgaged property; but there is no tender of the sum due, nor is there any offer to deliver to the mortgagee the possession of the property. On the contrary, the complainants allege their inability to pay the debt, and avow their intention to remain in possession of the property covered by the mortgage, "as long as the laws of the land will allow them to do so." He who seeks equity, must do equity; and the mortgage debt being due, and the mortgagors being in possession of the property, it was at least incumbent on them (supposing that the mortgagee could not legally sell without first obtaining possession) to offer to deliver the possession, if not to make a tender of the amount due.—1 Story's Eq. § 64 e; *Cunningham v. Davis*, 7 Ired. Eq. 5; *Hooper v. Bailey*, 28 Miss. 328; *Gliddon v. Andrews*, 14 Ala. 733; *Williams v. Ross*, 33 Ala. 509. Instead, however, of offering to do equity, the complainants announce their purpose to withhold from the defendant that to which he is justly entitled, as long as the laws of the land will enable them to do so.

Decree affirmed.