# YONGE *vs.* SHEPPERD.

[ BILL IN EQUITY TO ENJOIN SALE UNDER MORTGAGE. ]

1. *Injunction ; when will be dissolved.*—An injunction to restrain the collection of a judgment at law, will be dissolved upon the coming in of the answer of a sole defendant, which denies the allegations of the bill upon which its equity rests.

2. *Same; what complainant must offer.*—A party who asks an injunction to restrain the collection of a judgment, or of an ascertained and admitted debt, secured by mortgage, must pay or tender payment for what he really owes to the respondent in the bill, or show some sufficient cause for his failure to do so.

APPEAL from the Chancery Court of Lee.
Heard before Hon. B. B. McCRAW.

The opinion contains the facts.

HOOPER & RICE, for appellant.
J. A. LEWIS, *contra.*

PETERS, J.—This is an appeal from an order of the chancellor dissolving an injunction. After the injunction was dissolved the cause was continued in the court below.

The allegations of the bill show that complainant is indebted to the respondent, by judgment, in the sum of two hundred and eighty-two and 42-100 dollars damages. This judgment was rendered in the circuit court of Russell county, in this State, on the 16th day of August, 1860. On the 23d day of February, 1861, the complainant executed to said respondent, Shepperd, and to Cowdery & Co. a mortgage, by instrument in writing under seal, on a mare and foal, and mortgagor's interest in the Chewacla Lime Works, lying in the county of Russell, now Lee county, in this State, near Opelika, to secure the payment of said judgment to Shepperd, and a judgment to said Cowdery & Co., for the sum of sixty-seven dollars and seventy-two cents. Both these judgments were rendered on the same day and in the same court. It is also alleged that the law day of said mortgage was the first day of August, 1861.

It is also charged that some payments had been made on Shepperd's judgment, but none on that of Cowdery & Co., and that there had been a mistake made in the amount of the note on which Shepperd's judgment had been obtained, of about $100.00, and that there had been some payments made thereon since. Yonge having failed to pay off the mortgage debts, when the law day of the mortgage arrived, Shepperd, and J. L. Cowdery, as the sur-

viving partner of Cowdery & Co., proceeded to advertise and sell the property conveyed in the mortgage, according to its terms. And the bill is filed to restrain said sale. Cowdery & Co. are not made parties to the suit in chancery, and Shepperd, the only party defendant, answered the bill and flatly and directly denied all the allegations upon which its equity rested, and demurred to the bill for want of equity.

The bill does not allege that the judgment to Shepperd had been paid, or that there was nothing due thereon, or that complainant was ready and willing to pay any balance that might be due thereon. A party who comes into a chancery court to ask equity must aver his readiness to do equity to the party against whom he complains. If he asks an injunction he must pay, or offer to pay, what he really owes, or show some sufficient excuse for his failure; otherwise his case cannot be sustained.—*Tucker v. Holley*, 20 Ala. 426; Shep. Dig. p. 296, § 6, *maxims; Williams v. Troy*, 39 Ala. 118.

The injunction was therefore properly dissolved, both on the denials of the answer and the want of equity in the bill.—Rev. Code, § 3438; *Cave v. Webb*, 22 Ala. 583; *Norris v. Norris*, 27 Ala. 519; *Saunders v. Cavet*, 38 Ala. 51.

The order dissolving the injunction is affirmed at appellant's cost for this appeal in this court, and in the court below. And the appellant should have leave to amend his bill in the court below as he may be advised.