# Peterson *v.* Blanton.

*Bill in Equity for relief against Judgment at Law.*

1. *Equitable relief against judgment at law, on ground of fraud, accident, mistake, &c.*—By the long-established rule governing bills in equity for relief against judgments at law founded on legal demands, the party complaining must show that he had a meritorious demand (or defense, as the case may be); that he was prevented from establishing it by surprise, accident, mistake, or the fraud of his opponent, and that there was no negligence or other fault on his own part.

2. *Same.*—Under this rule, a mortgagee of personal property, having been defeated in an action at law founded on the mortgage, on the ground

[Peterson v. Blanton.]

that the mortgage debt was satisfied in full, can not obtain equitable re-
lief against the judgment, by averring that, when the cause was called
for trial, the defendant asked a continuance, and submitted an affidavit
as to the testimony of an absent witness, who would, if present, swear
that he saw and heard a settlement between the parties at which the
mortgage debt was fully paid; that plaintiff, not supposing that the affi-
davit was false, admitted the statement to avoid a continuance; that the
verdict of the jury was founded on this statement and admission; and
that plaintiff afterwards discovered that the affidavit was entirely false,
and thereupon moved for a new trial, which was refused.

APPEAL from the Chancery Court of Pickens.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 14th July, 1884, by
Albert J. Peterson, against J. N. Blanton; and sought equitable
relief, in the nature of a new trial, against a judgment at law,
which had been rendered against the complainant in the Cir-
cuit Court of said county, in an action at law therein instituted
by him against said Blanton, under the following circumstances,
as alleged in the bill, and shown by the exhibits thereto:
Blanton was indebted to complainant for advances made during
the years 1881 and 1882, and, to secure said indebtedness, had
executed to complainant a mortgage on his crop to be raised
during the year 1882, and also on several horses and mules.
Default having been made in the payment of the mortgage
debt at maturity, complainant instituted an action at law on
the 2d February, 1883, to recover the mules and horses con-
veyed by the mortgage. The action was regularly continued
until the February term, 1884, when the defendant applied for
a continuance, and submitted an affidavit as to the testimony of
an absent witness, as follows: "W. H. Hearrin, if here, would
prove that he casually heard a conversation between plaintiff
and defendant, after the delivery of the cotton embraced in
the mortgage, which cotton paid in full the debt secured by
mortgage and crop-lien on the cotton delivered; that defendant
at the time demanded his account for the years the advances
were made; in which conversation plaintiff expressed a desire
to apply the cotton to an old debt not secured by the mortgage,
but defendant refused to allow such an application, and insisted
that the cotton delivered was in full of all liens held by plaintiff
against defendant." On this application for a continuance,
"which complainant required said Blanton to make under oath,
complainant was forced, for the sake of obtaining a trial of his
said cause, to admit that said Hearrin, if present in court,
would swear to the matters as set out in said affidavit of said
Blanton; and confiding in the appeal of said Blanton for truth
and honesty, supported by the solemnity of an oath voluntarily
taken by said Blanton, and having no idea that he would, in
open court, thus endeavor to perpetrate so base a fraud on your

orator, your orator went into the trial of said cause, as required by the court, and said affidavit went into the hands of the jury trying said cause, and was weighed and considered by them in making up their verdict; and the cause turning upon the facts set out in said statement and affidavit, and by and through the influence thereof, said Blanton procured a verdict and judgment in his favor in said cause." The bill further alleged, that the complainant discovered, a few days afterwards, that said affidavit was false, and that said Hearrin would not swear to the facts therein stated; that he thereupon procured from said Hearrin a certificate, made before a justice of the peace, in these words: "This is to certify, that I never heard any conversation between A. J. Peterson and J. N. Blanton, and was never present on any of their settlements in regard to their business;" that he thereupon entered a motion for a new trial in said cause, and submitted said certificate in aid of his motion, and that the motion was overruled by the court.

The chancellor sustained a demurrer to the bill, for want of equity; and his decree is now assigned as error.

W. F. JOHNSTON, for appellant, contended that the bill contained equity on the ground of fraud, and cited the following authorities: Bump's Kerr on Fraud, 42, 293–4, 352, 385; 1 Story's Equity, §§ 187, 192; *Kennedy v. Kennedy*, 2 Ala. 571; *Chambers v. Crook*, 42 Ala. 171; 56 Ala. 198, 202; *Humphreys v. Burleson*, 72 Ala. 4; *Crommelin v. McCauley*, 67 Ala. 547; *Kelly v. McGrath*, 70 Ala. 79; 71 Ala. 324; Freeman on Judgments, § 489.

E. D. WILLETT, and D. C. HOOD, *contra*, cited *Norman v. Burns*, 67 Ala. 248; Freeman on Judgments, §§ 485-87, 502–08.

STONE, C. J.—When there is a judgment at law on a legal demand, obtained according to the rules which govern law courts, there can be no relief in the Chancery Court for mere reversible errors, nor for any other wrong or injury done or suffered, unless the party complaining shows that he had a valid subsisting demand which he can establish, or a valid, meritorious defense which he can prove; and that he was prevented from establishing his right, or maintaining his defense, as the case may be, by surprise, accident, mistake, or the fraud of the opposite party, without any fault or negligence on his part. This rule has been long established, and is without exception. *French v. Garner*, 7 Por. 549; *Beadle v. Graham*, 66 Ala. 102; *Collier v. Falk, Ib.* 223; *Broda v. Greenwald, Ib.* 538; 1 Brick. Dig. 666, § 376.

[Beatty v. Brown.]

The case made by the present bill falls far below the required standard.

The decree of the Chancery Court is affirmed.