# Roebling Sons Co. v. Stevens Electric Company.

*Bill in Equity for Injunction against Affirmed Judgment.*

1. *Injunction of judgment affirmed on certificate.*—A court of equity will not enjoin a judgment at law, which has been affirmed on certificate by the appellate court, on averment that the affirmance was had in violation of an agreement between the parties, entered into after the appeal was sued out, for the settlement of the judgment by compromise, and the dismissal of the appeal, and that reliance on this agreement caused the failure to file the transcript within the time required by the rules of practice; the bill being filed before the expiration of the term at which the affirmance was had, and not showing any effort made to set aside the affirmance, nor excuse for the failure to make such effort.

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. THOMAS COBBS.

WADE & VAUGHAN, for appellants.

HEWITT, WALKER & PORTER, *contra.*

STONE, C. J.—This is a bill by one corporation—Stevens Electric Company—against another—J. A. Roebling Sons Company. Its object was and is to obtain an injunction of a judgment at law. The bill was filed on the 10th February, 1891, and avers that on July 9, 1890, the appellant corporation recovered a judgment against the appellee, in the Circuit Court of Jefferson county, for the sum of $813.50; that on September 23, 1890, the Stevens Electric Company took an appeal from said judgment to the November term, 1890, of this, the Supreme Court, and executed an appeal bond, which was approved by the clerk; that about December 10, 1890, there was an agreement between the parties that the Electric Company was, within thirty days, to pay said J. A. Roebling Sons Co. $805 in full payment of said judgment and costs, and

that the appeal was to be abandoned, and not further prosecuted; that pursuant to that agreement the appeal was abandoned, and, under orders from appellant's counsel, no transcript was sent up to this court; that on the day when said payment was to be made, complainant was unable to meet it, "but did deliver to respondent [J. A. Roebling Sons Co.] collateral security to secure the payment of same, which was received by respondent, and has not been returned to orator by it;" that about January 29, 1891, without notice to the complainant, the Roebling Sons Co. procured in this court an affirmance of said judgment on certificate, no transcript having been filed; and "that respondent [J. A. Roebling Sons Co.] threatens to cause to be issued an execution on said judgment as affirmed by the Supreme Court of Alabama, threatens the same to be levied on your orator's property, or has already done so." The time to file the transcript in the appeal to the Supreme Court was December 9, 1890, and the bill was filed February 10, 1891.

There was a sworn answer filed, which, by its denials, makes a very different case from that averred in the bill. The chancellor overruled the motion to dissolve the injunction, and from that decretal order the present appeal is prosecuted. Strong reasons are urged why the injunction should be dissolved on the denials in the answer, but we prefer to base our ruling on a different principle.

The sessions of this court begin on the first Tuesday in November of every year, and end on the last day of the next succeeding June. When the judgment of affirmance on certificate was rendered—January 29, 1891—five months of the present term remained. It is yet to continue for considerably more than a month. If there was a valid, binding agreement by which the appeal was to stand for nothing, and if the affirmance on certificate was a violation of that agreement (we decide nothing on these questions), then complainant had an adequate remedy at law. On reasonable notice, a motion could have been made in this court to set aside the affirmance, and if sustained by sufficient proof, and if there be legal merit in the motion, complainant could obtain all the relief sought by the bill. An irregular affirmance in this court furnishes no ground for equitable interference.—*McClure v. Colclough*, 6 Ala. 492; *Perrine v. Carlisle*, 19 Ala. 686; *McCollum v. Prewitt*, 37 Ala. 573.

It is a universal canon of equity law, that when to a legal demand, even in judgment, a defense is offered which is in form legal as contradistinguished from equitable, so long as there is an adequate remedy at law there is no equitable juris-

diction.—*Womack v. Powers*, 50 Ala. 5. The rule goes further. If there has been a legal defense, no matter how complete, and the defendant has suffered judgment to go against him without availing himself of it, then equity will grant no relief, unless it is affirmatively shown that the defendant, without fault or neglect on his part, was ignorant of it, not only at the time of the judgment, but during all the time allowed him for applying for a new trial; or that he was prevented from making it by accident, unmixed with negligence, or by fraud, or the unauthorized interference of his adversary. In 1 Black on Judgments, § 365, it is said: "Nor will equity interfere, unless it shall also be shown that the party has used due diligence, and exhausted every means of defending the case, or obtaining redress at law." See 1 Brick. Dig. 666, § 376; 3 *Ib*. 347, § 230; *Waring v. Lewis*, 53 Ala. 615; *Peterson v. Blanton*, 76 Ala. 264; *Waldron v. Waldron, Ib.* 285. The present bill contains no equity.

As we have said, we prefer to place our ruling on this ground. If there is any merit in the defense attempted, the announcement of our judgment at this time leaves to the complaining party a reasonable time within which to seek proper redress.

When a bill, like the present one, admits an indebtedness past due, promised and incurred in compromise of a larger claim, is a simple offer to pay enough to authorize a restraining order, enjoining the collection of an execution in the hands of the sheriff? Should not the sum admitted to be due have been paid into court? The Roebling Sons Co. was clearly entitled to the $805, less the costs of the suit; and as to that sum there is no pretense of a defense.

The decretal order of the chancellor is reversed, and a decree here rendered dissolving the injunction, for want of equity in the bill.

Reversed and rendered.