## Zavelo v. Goldstein, et al.

### Bill to Enjoin Judgment at Law.

(Decided June 29, 1912.  59 South. 618.)

*Judgment; Enjoining; Right to Relief; Tender.*—A bill filed to enjoin a judgment at law on the ground of partial defense of payment is not sufficient if it fails to tender the amount admitted to be due, although it offers to pay what may be found to be due on the trial.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Bill by B. Zavelo against J. Goldstein and another, to enjoin the enforcement of a judgment at law. From a decree dissolving the temporary injunction, complainant appeals. Affirmed.

C. B. POWELL, for appellant. The bill is not one to obtain a new trial or to enjoin a judgment on account of mistake, but because it would be inequitable and unjust to enforce the judgment after payments had been made for which no credit was given.—*Chandler v. Crawford,* 7 Ala. 506; *French v. Garner,* 7 Port. 549; *Chandler v. Lyon,* 8 Ala. 35; *Norwood v. L. & N.,* 149 Ala. 151; 23 Cyc. 1000, 1028. The respondent is a nonresident, and complainant is without means of reaching his assets which gives him a distinct equity.—*Dun-*

*ham L. Co. v. Holt,* 124 Ala. 184; *Owen v. Gerson,* 119 Ala. 217; 23 Cyc. 1020.

GEORGE HUDDLESTON, for appellee. The bill was subject to the demurrers interposed under the numerous Alabama authorities, as follows.—*Beadle v. Graham,* 66 Ala. 102; *Collier v. Faulk,* 66 Ala. 222; *Campbell v. White,* 77 Ala. 397; *Peterson v. Blanton,* 76 Ala. 264; *Hare v. Lowe,* 19 Ala. 224; *Roebling v. Stephens,* 93 Ala. 39; *Waldron v. Waldron,* 76 Ala. 290; *Nat. Fert. Co. v. Hinson,* 103 Ala. 523; *Young v. Shepherd,* 44 Ala. 315; High on Injunction, secs. 130, 138.

DOWDELL, C. J.—The bill in this case is filed for the purpose of enjoining a judgment at law. A temporary injunction was issued, and the cause was heard on the motion to dissolve the temporary writ for want of equity in the bill, and on the denials in the sworn answers of the respondents. The chancellor, upon the hearing, dissolved the temporary writ of injunction, and for this decree the present appeal is prosecuted.

The bill alleges that, Zavelo being indebted to Goldstein for the sum of $366.43 for goods purchased, Goldstein brought five separate suits in a justice court for amounts aggregating said sum; that on the day the suits were brought Zavelo executed his several notes to Goldstein for said sum of $366.43, and mailed them to Goldstein before service of summons; that judgment was rendered in each of said suits in the justice court, and Zavelo appealed each of the cases to the circuit court; that, pending the appeals, the notes matured, and Zavelo sent Goldstein checks to cover the first three notes, which checks Goldstein collected, notifying Zavelo of the application of the same to the payment of the accounts sued on in the order of their filing on

the justice docket; that in this way $245 was paid on
the indebtedness; that one of the appealed cases was
tried in the circuit court, and judgment rendered for
Goldstein for $83.50; that Zavelo took an appeal from
said judgment to the Supreme Court, which affirmed
the judgment of the circuit court, and an execution was
thereafter issued on the affirmed judgment and placed
in the hands of defendant McAdory, as sheriff, who
had levied same on complainant's property.   It was
the collection of this judgment that was enjoined by the
preliminary injunction, from the dissolution of which
the present appeal is prosecuted.   The bill further al-
leges that Goldstein took a nonsuit in one of the five
cases, and in one other of the cases the judgment for
costs was rendered against Zavelo, and that the re-
maining two cases were continued to a subsequent day,
when judgments nil dicit were rendered against Zavelo,
without notice; that, learning of such judgments, Zav-
elo moved for rehearing under the four months' stat-
ute; that his motion was dismissed, from which Zavelo
had appealed to the Court of Appeals.   The bill also
alleges that Zavelo had paid all of "said claim except
$125 with interest," by the payment of $245 by check,
and that the aggregate judgments recovered against
him were about $130 more than the balance of the
claim, and avers a readiness and a willingness on the
part of Zavelo to pay the amount actually found to be
due, etc.   The prayer of the bill is for the injunction
of the collection of the judgment for $83.50, and that
Goldstein be enjoined from collecting any more "on
all said judgments than may be found to be due said
Goldstein from the evidence taken in this cause."

The sworn answer of the defendant Goldstein show-
ed that Zavelo's indebtedness to Goldstein arose out of
the purchase of two separate bills of goods, the first

being payable in four separate installments and the second purchase payable on a day certain, and that the debt sued was separate debts. The sworn answer denies that Zavelo executed the notes; it admits that Goldstein received the notes from Zavelo by mail, but avers that he declined to accept them, and tendered them back to Zavelo, who refused to receive them back. The answer admitted payments pending the appeals in the circuit court of amounts aggregating $245.30, on the agreement that the amounts so paid should be applied to the payment of the amuont sued for in that one of the suits bearing the lowest docket number, and costs therein, and the remainder of the payment applied in the same manner to the suit of the next highest number, and so on until the payments were consumed; that, after the payments were made, case No. 7,092, which bore the lowest docket number, was tried on issues made up and evidence taken, and a judgment was rendered in favor of Goldstein, and against Zavelo, for $83.50 and costs; that this judgment was appealed from to the Supreme Court, where it was affirmed, and is the judgment upon which the execution sought to be enjoined was issued. The answer further showed that suits Nos. 7,093 and 7,094 were disposed of by the circuit court; that subsequently suits Nos. 7,095 and 7,096 came on regularly to be tried; and, the defendants failing to appear, judgments were regularly rendered.

It will be seen that the purpose of the bill is to enjoin the collection of a judgment at law, upon the ground that the debt had been paid before the judgment was rendered. The case as presented is one in which a trial was regularly had upon issues formally made up, the parties being present, and no excuse being

shown for defendant's failure to make his defense at that time.

It does not appear whether the defense of payment during pendency of appeal was attempted to be presented on the trial of the case, nor whether Zavelo's failure to obtain the credit claimed was due to his failure to plead payment or to his failure to support such plea by proper proof. So the question presented is whether a party who has failed to plead and prove his defense in a suit at law may afterwards come into equity for relief.

In *Beadle v. Graham,* 66 Ala. 102, it was held that a bill to enjoin a judgment as inequitable, because of a defense which might have been made at law, is "maintainable only when the party invoking the jurisdiction had a valid defense, and was prevented from making it by the fraud of the opposite party or by accident or mistake unmixed with negligence on his part. * * * A bill in such a case as this, to be sufficient, must show two things: First, that his failure to make defense was not attributable to his omission, neglect, or default; and, secondly, that his defense is good to the entire cause of action or such part of it as he proposes by his bill to litigate." To the same effect are the following cases: *Collier v. Falk,* 66 Ala. 223; *Campbell v. White,* 77 Ala. 397; *Hair v. Lowe,* 19 Ala. 224; *Peterson v. Blanton,* 76 Ala. 264; *Roebling v. Stevens,* 93 Ala. 39, 9 South. 369.

The complainant admits in his bill a balance due the respondent Goldstein of about $130, and he fails to make any tender of this amount, or to offer to pay the same, though he does offer in his bill to pay what may be found to be due upon a trial of the case.

In *Yonge v. Shepperd,* 44 Ala. 315, it is held that a party seeking the injunction of a judgment must pay

or offer to pay what he really owes, or show some sufficient excuse for his failure. In High on Injunctions, § 138, it is said that, where a complainant admits that he owes the defendant a balance on account of the same matter, he will not be allowed an injunction without tendering payment. See, also, *Tucker v. Holley,* 20 Ala. 426; *Williams & Wife v. Troy,* 39 Ala. 118. Without paying or tendering payment of the amount admitted in the bill to be due to the respondent, the complainant was not entitled to the preliminary writ of injunction.

Our conclusion is that on the facts as made by the bill and the sworn answer of the respondent the chancellor properly dissolved the preliminary injunction, and his decree will be here affirmed.

Affirmed. All the Justices concur.