# Gordon's Adm'r *v.* Ross and Wife.

*Bill of Review for Error Apparent, and Impeaching Decree for Fraud.*

1. *Bill in double aspect, or in alternative.*—A bill in equity may be filed in a double aspect, or in the alternative; but, when so filed, the complainant must, in each aspect, be entitled to the same relief, and the same defenses must be applicable to each.

[Gordon's Adm'r v. Ross and Wife.]

2. *Same; bill of review for error apparent, and impeaching decree for fraud.*—A bill can not be maintained which seeks, in the alternative, to review a decree for error apparent, or to impeach and set it aside on the ground of fraud.

3. *Limitation to bill impeaching decree for fraud.*—A bill to impeach a decree for fraud, though not within the terms of the statute which bars a bill of review after the lapse of three years (Code, § 3843), must, by analogy, be governed by the same limitation.

APPEAL from the Chancery Court of Talladega.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 8th December, 1869, by the administrator *de bonis non* of the estate of John W. Gordon, deceased, against Mrs. Jane W. Gordon, the widow of said decedent, John W. R. Gordon, the only child of said John W. and Jane W. Gordon, and several other persons. Its object was to review, for error apparent, a decree rendered by said Chancery Court, at its February term, 1865, in favor of Mrs. Jane W. Gordon individually, against herself as administratrix of her husband's estate, Thomas R. Carter, as co-administrator with her, John W. R. Gordon, her minor son, and William A. Morris; or to impeach and set aside that decree, on the ground that it was procured by a fraudulent combination between Mrs. Gordon and said Carter, for the purpose of defeating and defrauding the creditors of said John W. Gordon's estate, and securing to herself and her infant son a valuable tract of land in Talladega, which John W. Gordon had bought, in September, 1862, from said W. A. Morris, and had paid the purchase-money, but had received only a bond for title; and for which the said decree here complained of directed said Morris to execute a conveyance to Mrs. Gordon and her son. The lands were afterwards divided between Mrs. Gordon and her son, under proceedings for partition in the Probate Court; and Mrs. Gordon having subsequently sold the lands allotted her on the division, to one Jesse B. Weisinger, he also was made a defendant to the bill in this cause, not having paid the entire purchase-money. John W. Gordon died in December, 1863, intestate; and letters of administration on his estate were duly granted to his widow and said Thomas R. Carter. In 1867, after the proceedings in the said chancery suit, they reported the estate insolvent, and it was so declared. The administrator *de bonis non*, by whom the bill in the present case was filed, sought to set aside the decree in the former cause, to remove the administration into the Chancery Court, and to have the lands appropriated to the payment of the debts filed against Gordon's estate. Mrs. Gordon married pending the suit, and her husband, Randolph Ross, was brought in as a defendant to the bill. The view taken of the case by this court renders it unnecessary to state in detail

the facts disclosed by the record. The chancellor dismissed the bill, for want of equity, and his decree is now assigned as error.

JOHN T. HEFLIN, for the appellant, argued that the former chancery decree abounded with errors apparent on its face, and was fraudulent in fact and in law, as against the creditors of Gordon's estate, on the facts shown by the record; and he cited authorities to these points.

GEO. W. PARSONS, *contra*, contended that the bill could not be maintained as a bill of review, because barred by the statute of limitations; and that, as a bill impeaching the decree for fraud, its allegations were wanting in certainty and definiteness, and did not make out the charge of fraud; citing to this point the following authorities: *Spence v. Duren*, 4 Ala. 251; *Willingham v. Harrell*, 36 Ala. 583; Story's Eq. Pl. § 428.; *Steele v. Kinkle*, 3 Ala. 352; *Smith's Heirs v. Br. Bank*, 21 Ala. 125; *Insurance Co. v. Pettway*, 24 Ala. 544; *Tompkins v. Nichols*, 53 Ala. 197.

BRICKELL, C. J.—The original bill was filed on the 8th day of December, 1869, and seeks to review, for errors apparent, a decree of the Court of Chancery, rendered on the 14th February, 1865. The decree is also impeached for fraud, and its vacation because of the fraud is another object of the bill, relief being prayed in each aspect of the case. It is certainly true, that bills in equity may be originally filed, or may be so amended, as to present the case of the complainant in a double aspect, or, as it is sometimes expressed, in the alternative. But, to prevent surprise, the embarrassment of the defendant in making defense, and the inextricable confusion which would follow from blending in one suit distinct causes of action, the rule is strictly observed, that each aspect, or alternative, must entitle the complainant to the same relief.—*Shields v. Barrow*, 17 How. 130; *Cresy v. Beavan*, 13 Sim. 353; *Micou v. Ashurst*, 55 Ala. 612; *Rives v. Walthall*, 38 Ala. 382. The same defenses must be applicable in each aspect in which the case is presented (*Campbell v. Reasky*, 1 Myl. & Cr. 618; *Attorney-General v. St. John's College*, 7 Sim. 257); otherwise, the bill will be multifarious. The same defenses cannot be made—the same matters are not open for consideration—the same relief cannot be granted—the objects and effect of a bill of review, and of a bill impeaching a decree for fraud, are essentially different. Without marring the order and simplicity of proceedings in a court of equity—introducing uncertainty and

confusion, opening wide the door for surprise upon parties, against which the court could protect them only by directing the cause to stand over, as often as it appeared, prolonging litigation indefinitely,—a bill so repugnant and inconsistent cannot be sustained. If entertained as a bill of review, the former decree, so far as erroneous, would be reversed, and the court would proceed to retry the cause, rendering the decree the evidence would authorize. But, if fraud has infected the decree, it must be vacated entirely— there is no retrial of the cause. The incongruity of the two aspects, in which the complainant thus presents his case, is apparent, when it is subjected to the test suggested in *Rives v. Battle, supra*—a decree *pro confesso* against the defendants. What relief would then be granted? would the former decree be reviewed for error apparent, or would it be vacated for fraud? If the court adopted either aspect, it would proceed, more or less, on conjecture, and could not be sure that it was administering the relief to which the complainant was entitled. The bill unites different, distinct causes of action, requiring different defenses and different relief, and cannot be entertained.

Independent of this consideration, as a bill of review it was barred by the statute of limitations, more, than three years (deducting the period from the rendition of the decree, to the 21st September, 1865) having elapsed before its filing, since the decree was rendered.—Code of 1876, § 3843. As a bill to impeach a decree for fraud, we think it must be also regarded as within the bar of the statute. True the statute does not, in terms, extend to bills impeaching a decree for fraud; nor is there any other statute which prescribes a bar to them. Courts of equity are reluctant to entertain demands which have not been prosecuted with reasonable diligence. "Nothing can call forth this court into activity," said Lord CAMDEN, in *Smith v. Clay*, 3 Brown's C. C. (note), 639, "but *conscience, good faith*, and *reasonable diligence*; where these are wanting, the court is passive, and does nothing." Though suits in equity were not originally within the words of statutes of limitation, which were directed especially against actions at law, or legal rights; yet the court obeyed them, whenever a legal title or demand was drawn within its concurrent jurisdiction, and applied them by analogy to all equitable titles and demands. As often as there was a change in these statutes, the court observed the change; hence, the settled doctrine, in the absence of an express statute otherwise limiting it, was, that a bill of review must be filed within the period which would, at common law, bar a writ of error. The statute now recognizes this

[Gordon's Adm'r v. Ross and Wife.]

doctrine, and in terms applies the statutes of limitation, so far as embraced in chapter 20, title 1, part 3, of the Code, to suits in equity.—Code of 1876, § 3758.

There was, at one time, much conflict of decision, in courts of law and of equity, as to the operation of statutes of limitations in cases of fraud. The statute now removes all room for doubt, by declaring that, "in actions seeking relief on the ground of fraud, when the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the facts constituting the fraud ; after which, he must have one year within which to prosecute his suit."—Code of 1876, § 3202. A party, availing himself of this statute, would be required to aver with precision the facts and circumstances constituting the fraud—how and when these facts were discovered ; what prevented a discovery before the bar of the statute was complete, and to acquit himself of all knowledge of facts which ought to have put him on inquiry.—*James v. James*, 55 Ala. 525 ; *Martin v. Br. Bank Decatur*, 31 Ala. 111 ; *Stearns v. Page*, 7 How. 319; *Badger v. Badger*, 2 Wall. 87 ; *Fisher v. Boody*, 1 Curtis, 206 ; *Carr v. Hilton, Ib.* 390. The present bill does not contain such averments : it is very general in all its averments of the facts supposed to constitute fraud and collusion in the procurement of the decree impeached.

It is just and reasonable that there should be some limitation of time, within which a bill impeaching a decree for fraud, disquieting titles, reopening litigation, involving an accusation of moral turpitude, should be filed. There is the same reason for applying by analogy the statute limiting bills of review, that there was, in the absence of the statute, for applying to bills of review the statute limiting writs of error. The diligent cannot be injured ; controversies will be commenced while the facts are recent, the parties probably in life, and witnesses living withing the reach of the parties ; and there will be less ground for apprehension that vexatious litigation is fostered. It is the diligent only the court should be active in relieving ; and they have, under the statutes, ample time to vindicate their rights ; and a just regard for the rights of those who are reposing on the decree requires that their diligence should be stimulated. The Supreme Court of Massachusetts, under statutes not differing materially from ours, held that a bill in equity, to impeach a decree for fraud, must, by analogy, be filed within the period limiting bills of review.—*Evans v. Beacon*, 99 Mass. 213 ; *Plymouth v. Russell Mills*, 7 Allen, 438. No reason is assigned, no excuse is offered, for the delay in filing the present bill ; and by analogy it must be deemed barred.

[Steele v. Tutwiler.]

The chancellor gave the case a very thorough considera-
tion, and upon the grounds we have stated, as well as those
found in his opinion, we are satisfied with his conclusions.
    Affirmed.