# Blood *v.* Beadle.

*Application for Statutory Rehearing after Judgment at Law.*

1. *Rehearing at law; when authorized.*—The oversight of counsel, in the preparation or defense of a suit, does not entitle the client to a rehearing after judgment, on the ground of "surprise, accident, mistake, or fraud, without fault on his part," as those terms are used in the statute. (Code, §§ 3161–71.)

2. *Same.*—When the ground relied on for a rehearing would have been available on motion for a new trial, the application must show a satisfactory excuse for the failure to make such motion.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This was an application, by petition under oath, for a rehearing after final judgment at law, under the provisions of the statute.—Code, §§ 3161 *et seq.* The application was made by Josiah Springer, as the agent of Frank M. Blood, and was presented to Judge WYETH, at chambers, on the 25th June, 1878. The petition averred, that on the 18th January, 1876, Joshua H. Beadle commenced an action at law by attachment, in the Circuit Court of said county, against Caledonia Arnett; that the attachment was levied on 235 bushels of corn, with other personal property; that a claim to the property so attached was interposed by said Frank M. Blood, and bond given to try the right of property, under the provisions of the statute authorizing such suits; that an issue was thereupon framed between the parties, on 30th May, 1876, to try the right of property; and that on the 27th May, 1878, said issue was tried, and a verdict rendered for the plaintiff in attachment, assessing the value of the property at $111.89. As grounds of relief against this judgment, the petition contained the following allegations:

"Your petitioner was greatly surprised that judgment should have been so rendered. The said cause was set for trial, on the docket of said court, for the 21st day of May. Petitioner was at home sick, confined to his bed, and had been for several weeks previous thereto; but, fearing that said cause might be reached on the call of the docket, he sent his son to attend court, and have said cause continued by reason of his inability to be present. Said cause was not reached on said day so fixed for its trial, and was not reached until the 27th May. Petitioner was confined to his bed, continuously, until three or four days after said trial, when it

[Blood v. Beadle.]

was reported to him that said cause had been tried. Petitioner was very much surprised, and arose from his bed to attend said court, and ascertain the truth of affairs. Petitioner states, that said 235 bushels of corn, so levied on and claimed, was the property of said Blood, and not of said Caledonia Arnett; and he states this fact positively, of his own personal knowledge, and can not imagine how the same could have been determined otherwise. The affairs of said Blood and Caledonia Arnett were under the immediate supervision of your petitioner, as such agent. Your petitioner further represents, that, if he had been present at the trial of said cause, he could have established, beyond question, the fact that said corn was the property of said Blood, and not of said Caledonia Arnett; and he was only prevented from making good his defense by reason of his sickness and inability to attend court. The failure to make good said defense, and to establish said fact, was without fault on his part, as it was impossible for him to be present by reason of his physical condition and confinement in bed.

"Petitioner further represents, that one Thomas Arnett was a witness for claimant, but did not attend said court, deeming it unnecessary, as his deposition had been taken and filed in said court. Petitioner's attorney had seen said deposition, and regarded the same as on file, and had read the same at a former term of the court, as your petitioner is informed. After the plaintiff had finished his evidence, claimant's attorney called for said deposition, never thinking that it was not on file, but supposing that it was, when the clerk informed him that it could not be found. Your petitioner believes that said deposition is still in said court, and it was an accident that it was overlooked and could not then be found; or that it was a mistake of the clerk in announcing that it could not be found. Your petitioner believes that said deposition can yet be found. Said Arnett knows that said corn was the property of said Blood, and not of said Caledonia Arnett; and he testified to the fact in his deposition, as your petitioner is informed. Petitioner alleges, and believes, that his attorney used all the diligence that could be expected or required of him: he had seen and read said deposition, and regarded the same as on file, when he announced himself ready for trial; and the same had only recently disappeared from the files, at the announcement of which he was surprised. Petitioner alleges that the verdict would have been different, if said deposition had been in evidence, although petitioner was himself unable to be present. To be thus prevented from making his defense, was a surprise to him, and was without fault on his part, as no

[Blood v. Beadle.]

reasonable diligence could have provided against that contingency.

"Your petitioner further represents, that it was, as he is informed, a material fact on the trial of said cause, whether claimant cultivated other land than that of Mrs. Arnett—that he only worked for Mrs. Arnett 'for his victuals and clothes.' Petitioner has discovered, since the trial, a written receipt from Alfred Horton to said Blood, which shows that said Blood rented land of said Horton during the year 1875, when the corn in said controversy was raised. Your petitioner believes that, if said receipt could have been produced, the verdict would not have been against the claimant; and he could not, by the exercise of any greater diligence than he did use, have discovered said evidence earlier. Petitioner further alleges the fact to be, that said plaintiff could not have recovered a judgment, if he had had an opportunity to produce said deposition and said receipt; that the loss of said deposition was a surprise to him, and that he entered into said trial through a mistake, believing honestly, and in good faith, as he is informed by his attorney, that the same was on file, and could be had at a moment's notice."

On this petition, the circuit judge refused to grant a rehearing; and his refusal, from which the appeal is taken, is now assigned as error.

L. COOPER, for appellant, cited the following cases: *Jones v. Fennimore,* 1 Greene (Iowa), 134; *Peebles v. Ralls,* 1 Litt. Ky. 24; *Sherrard v. Olden,* 1 Halst. 344; *Rolfe v. Rolfe,* 10 Geo. 143; *Marshall v. Insurance Co.,* 2 Mass. 411; *Watts v. Howard,* 7 Metc. 478; *Lane v. Halliday,* 27 Geo. 339; *Kane v. Burrus,* 2 Sm. & Mar. 313.

WALKER & SHELBY, *contra,* submitted a brief prepared by WM. VAUGHAN, in which the following cases were cited: *State v. Wightman,* 27 Mo. 12; *Bonland v. Skinner,* 11 Ark. 671; *Robins v. Foster,* 2 Ark. 133; *McClusky v. Graham,* 2 Nev. 47; *Palmer v. Fiske,* 2 Curtis, 14; *Lee v. Banks,* 4 Litt. Ky. 11; *Linnard v. Crossland,* 10 Texas, 462; *Case v. State,* 5 Ind. 1; *Grant v. Popejoy,* 15 Ind. 311; *Potter v. Paddleford,* 3 R. I. 162; *Devine v. Martin,* 15 Texas, 25; *Read v. Barker,* 30 N. J. L. 378; *Shipp v. Suggett,* 9 B. Monroe, 5; *Gill v. Warren,* 1 J. J. Mar. 590; *Thompson v. Porter,* 4 Bibb, Ky. 70; *Kirtley v. Kirtley,* 1 J. J. Mar. 96; *LeGrand v. Baker,* 4 B. Monroe, 236; *Burr v. Palmer,* 27 Vermont, 114; *Patterson v. Ely,* 19 Cal. 28; *Thompson v. Williams,* 7 Sm. & Mar. 270; *Dodge v. Strong* 2 Johns. Ch. 228; *Goss v. McClaren,* 17 Texas, 107; *Lane v. Brown,* 22 Ind. 239.

[McGar v. Adams.]

STONE, J.—On the authority of *Ex parte Walker*, 54 Ala. 577, we feel bound to hold the petition in this case fatally defective. The surprise, or accident complained of, is but the oversight of counsel, which is no excuse for the client. The affidavit is also fatally defective, in not disclosing when the Circuit Court finally adjourned, and in not giving a satisfactory excuse why the claimant did not make an application and showing for a new trial before the adjournment *sine die* of that term of the court.

Affirmed.