# Raisin Fertilizer Co. v. McKenna.

*Bill in Equity to enjoin Enforcement of Judgment at Law.*

1. *Injunction of sale under execution; sufficiency of averments of bill.*—Where a bill to enjoin the enforcement of a judgment recovered on a note, which avers that no summons and complaint were ever served on him, notifying him of the pendency of the suit in which the judgment was recovered, that complainant had paid the note, which was the foundation of the judgment, to the payee therein prior to its transfer to plaintiff in said suit, but he had not taken up the note because the holder said it was lost, that complainant heard nothing more of the note until told of the recovery of the judgment by defendant, after adjournment of the term of the court at which it was rendered, and that the payment of the said note was a good and valid defense to the suit upon it, which he would have pleaded and proved had he been notified of its pendency,—there is sufficiently shown, by such averments, the existence of a good defense to said suit, and the want of an opportunity to interpose it, without disclosing negligence or want of diligence on the part of complainant, to give the bill equity; and upon the proof of such averments, the complainant is entitled to the relief prayed.

2. *Same; same; laches.*—The delay of three years in filing a bill to enjoin the enforcement of a judgment rendered without notice of the pendency of the action on a note, which had been paid, during which time the complainant was undisturbed by execution on the

judgment, and no steps were taken to foreclose the mortgage given to secure payment of said note, is not such delay as to bar relief against said judgment.

APPEAL from the Chancery Court of Geneva.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on August 17, 1895, by A. T. McKenna, the appellee, against the appellant, the Raisin Fertilizer Company ; and prayed to have the defendant enjoined from a sale of the complainant's property, which was levied upon under an execution issued upon a judgment obtained by the defendant against the complainant. The bill averred in detail facts showing the recovery of a judgment against him upon a note made by him to one Harper, which note the complainant had paid. The averments of the bill and the other facts of the case are sufficiently stated in the opinion.

The defendant demurred to the bill upon the following grounds : 1st. That it fails to show that the plaintiff had a full and complete defense of the note upon which judgment was rendered, and that the same could be proven by him upon a trial of said cause at law. 2d. That the complainant was guilty of laches in having known that there was a judgment rendered against him in 1892, and not filing the bill at an earlier date. The defendant also moved to dismiss the bill for the want of equity. The chancellor overruled both the motion and the demurrer.

Upon the final submission of the cause, on the pleadings and proof, there was a decree rendered granting the relief prayed for, and making perpetual the temporary injunction, which had been issued upon the filing of the bill. The defendant appeals, and assigns as error the decree overruling the motion to dismiss the bill for the want of equity, and overruling the demurrers to the bill, and the rendition of the final decree.

M. E. MILLIGAN, for appellant, cited *National Fertilizer Co. v. Hinson*, 103 Ala. 532, as to the proposition that the complainant had been guilty of laches in filing his bill.

J. J. MORRIS, *contra*, cited *Robinson v. Reid*, 50 Ala. 69 ; *Dunklin v. Wilson*, 64 Ala. 162 ; *Grier v. Campbell*, 21 Ala. 327 ; 1 Brick. Dig., 666, § 381.

HARALSON, J.—The bill avers, that "no summons and complaint were ever served on him [the complainant and appellee], notifying him that any suit was pending against him, so that he could appear and defend against it. Although the sheriff's return on the back of the summons and complaint shows it was executed, yet in fact it was not."

So far as the bill is dependent on the averment of a lack of service or notice before judgment rendered against complainant, and the lack of opportunity to correct it at the term of the court at which it was rendered, its allegations are full and sufficient.

Such a bill must aver, however, both a want of service and a good defense.—*Dunklin v. Wilson*, 64 Ala. 162; *Rice v. Tobias*, 83 Ala. 348.

As to the statement of facts showing a good defense, the bill avers in substance, that the note in suit was given to J. B. Harper, a merchant doing business at the time in Geneva, Alabama, to procure an advance of supplies to complainant during the year, and to secure its payment, he gave Harper a mortgage on personal property; that complainant procured advances on the note and mortgage during the year, but in the Fall he paid Harper for them; that he did not take up the papers, because Harper said they were misplaced or lost, that complainant never heard anything more of said note until a few days after the Spring term of the circuit court of Geneva county, 1892, when he was told that the appellant, The Raisin Fertilizer Co., had obtained a judgment against him "on the J. B. Harper note." In this connection, the averment is made that the complainant "had a good defense against the note, as he had paid it, and would plead and prove it, had he been notified." By these averments it is shown, that the complainant had a good defense to the note, which he was prevented, by a lack of service of the summons and complaint, from making. No negligence or lack of diligence is shown, or can be inferred against him, in these averments. The demurrer, so far as it questions, on the averments of the bill, the want of a good defense to the action at law on said note, and the want of an opportunity to interpose it, was without merit, and properly overruled. The other grounds of demurrer question the equity of the bill, on account of the alleged *laches* of complainant in

[Wellborn v. Buck.]

filing it. He delayed doing so a little over three years, but during that time, he had been undisturbed by execution on the judgment, and no steps had been taken to enforce the mortgage given on personal property to secure the note. The delay was not such as to bar relief in equity against the judgment.—*Grier v. Campbell*, 21 Ala. 328.

On the trial of the cause, the complainant, by his own testimony, fully proves the lack of service and the payment of the note to Harper, its payee, and his ignorance of any claim the appellant had to the note, and of the judgment against him, until after the adjournment of the term of the court, at which it was rendered. The witnesses, Henry and Angus Vaughan, examined by complainant, fully corroborate his testimony, that the summons and complaint were never served on the complainant.

The appellant did not examine said J. B. Harper, or offer any evidence to show that said note was not paid. Its payment was averred and proved by complainant. The only evidence it offered was that of the sheriff, Castellow, by whom the service, on its face, purported to be executed, and his evidence was directed alone to proof of service. It is sufficient to say of his testimony, that it was weak, inconclusive and entirely insufficient to overcome the evidence introduced by complainant.

The decree of the court granting relief to complainant, perpetuating the injunction theretofore granted in the cause, and that the said judgment in favor of appellant against complainant be held void, was free from error, and is affirmed.

Affirmed.