# Todd, *et al. v.* Leslie.

*Bill to Enjoin Execution of and to Annul a Judgment.*

(Decided April 13, 1911. Rehearing denied May 5, 1911. 55 South. 174.)

1. *Judgment; Enjoining; Bill.*—Where the bill seeks injunction to prevent the execution of and to cancel a judgment in ejectment because the complainant was not served with process and had no knowledge of the action, it is good if it alleges facts showing that complaint had a defense to such action though it does not state that conclusion.

2. *Same; Negligence.*—The remedy provided by section 5372, Code 1907, is cumulative and concurrent with that afforded by a bill in equity to enjoin the judgment, and hence, a bill to enjoin the execution of and to annul a judgment granted by default need not acquit the complainant of negligence in failing to move for a new trial.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Frank Leslie against Mrs. Irene Todd and others, to enjoin the execution of a judgment, and to annul the same. Decree for complainant and respondent appeals. Affirmed.

H. K. WHITE, for appellant. The bill was insufficient in its statement of a defense to the suit should the judgment be set aside.—*Dunklin v. Wilson,* 64 Ala. 162; *Rice v. Tobias,* 89 Ala. 214. The complainant had his remedy under section 5372, Code 1907, to move for a new trial and the bill does not sufficiently acquit him of negligence in failing to do so.

S. C. M. AMASON, for appellee. A court of equity will enjoin a judgment, which purports to have been rendered by default, on averment and proof that the defendant was not served with process, and that he had a good and meritorious defense to the action. The facts

[Todd, et al. v. Leslie.]

constituting the defense to the action must be pleaded and proved.—See *Dunklin v. Wilson*, 64 Ala. 162; and *Rice & Wilson v. Tobias*, 89 Ala. 214. The statutory remedy for a rehearing in an action at law as provided by Sec. 5372 of the Code of (Ala.) 1907, is cumulative only, and does not abolish, or abrogate the jurisdiction of equity to enjoin judgments at law.—See *Renfro Bros. v. Merryman & Co.*, 71 Ala. 195; *Campbell v. White*, 77 Ala. 397; *Woodruff v. Stough*, 107 Ala. 314; *Cannon v. McNab*, 48 Ala. 99; and *Shackleford v. Bankhead*, 72 Ala. 476.

MAYFIELD, J.—The bill in this case was by a defendant in judgment, against the plaintiff in judgment and the sheriff, to enjoin the execution of and to annul and cancel a judgment in ejectment taken by default, on the ground that the defendant was not served with process and had no notice or knowledge of the bringing, pendancy, or prosecution of the suit.

If the facts alleged in the bill are true, the defendant had a good defense to the action in ejectment; and hence it was sufficiently shown that he had a defense, and it was not necessary to allege the conclusion of law that such facts so alleged would constitute a legal defense to the action. It was better pleaded by stating the facts fully than by alleging a conclusion of law which necessarily followed from the facts so averred.

It was not necessary that the bill should acquit complainant of negligence in failing to move for a new trial in the lower court under the four months statute. The remedy sought and awarded in this suit is concurrent with that afforded by the four months statute for new trials. Code 1907, § 5372. The statutory remedy is cumulative to that afforded by a bill in a court of chancery, and not exclusive of, nor a condition prece-

dent to, similar relief to be afforded by chancery courts. This subject was fully discussed and decided in the recent case of *Evans v. White,* 167 Ala. 587, 52 South. 845, 846. The bill, therefore, contained equity, and the demurrers were properly overruled.

The cause was submitted on pleadings, bill, answer, and demurrer, and on testimony taken and noted as required by the statutes and rules of practice, and the court granted the relief prayed. From the decree granting the relief, this appeal is taken.

The testimony as to whether or not there was any service of process upon the defendant as to the ejectment suit, and as to whether or not he had any notice or knowledge of the suit, was directly in conflict; but we are not prepared to say that the weight and preponderance of it was not in favor of complainant, or not in accordance with the finding of the chancellor.

Affirmed.

SIMPSON, MCCLELLLAN, and SAYRE, JJ., concur.