# Hauser *v.* Foley & Co.

*Bill to Enjoin Judgment and to Annul Same.*

(Decided December 17, 1914.   67 South. 252.)

1. *Judgments; Vacation; Justice of the Peace.*—A judgment of the justice of the peace, regular on its face, but void because the defendant was never served with process, cannot be vacated by the justice after the day of its rendition, since the justice has no control over it; the remedy being by bill in equity, or statutory writ of certiorari.

2. *Same; Remedy at Law.*—Equity has jurisdiction to vacate a judgment regular on its face, but void for failure to serve defendant with process, without regard to complainant's failure to resort to his cumulative legal remedy.

3. *Same; Bill; Laches.*—A bill to vacate a judgment of the justice of the peace which alleges that no service of process was had upon the defendant therefor and that he had no knowledge of the judgment until two months after its rendition, that thereafter the justice of the peace told him that he would set aside the judgment, and that complainant heard no more about it, until action was instituted thereon in another court five years after the rendition of the judgment, is not demurrable as showing laches by the judgment debtor, as it does not show that any injury resulted to the other party from the delay, nor that the delay was inexcusable.

4. *Same; Equitable Relief; Laches.*—The fact that a judgment debtor allowed an action on the judgment to proceed to final judgment before he filed his bill in equity to vacate it, does not preclude a subsequent resort to equity.

[Hauser v. Foley & Co.]

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by J. J. Hauser against Foley & Company, to enjoin the enforcement of a judgment at law, and to vacate and annul said judgment. Decree for respondent and complainant appeals. Reversed and rendered.

The bill as amended shows that about August 28, 1908, Foley & Company recovered a judgment against complainant for $72 and costs in a certain justice court, without service of summons or other process upon him, and without his having knowledge in fact of the pendency of the suit against him; that the return of the officer shows due and regular service upon complainant, and the jurisdiction was thereby acquired of complainant's person; that complainant did not know that said suit or judgment was against him for two months or more after the judgment was rendered; that upon being informed thereof he saw the justice, J. E. Alford, and informed him of the absence of service or notice in the cause; that said Alford thereupon told complainant that the judgment was irregular and void and that he would set it aside and make an entry showing that action; that complainant relied upon Alford's statement, and took no further steps in the matter, and heard no more from it until Foley & Co. brought suit on said justice judgment in the inferior city court of Mobile about November 1, 1913; that he was unable in said last trial to avail himself of his defense to the original suit or to impeach the justice judgment for want of jurisdiction of complainant's person; and that therefore he was compelled to suffer judgment against himself in said city court. The bill as amended states that complainant has a meritorious defense to the claim upon which he was sued, and sets out the defense in detail. As last amended, the bill avers that, after com-

plainant's conversation with said Alford about the judg-
ment rendered by him, B. B. Chamberlain, Esq., who
brought said suit and recovered said judgment for
Foley & Co., in said Alford's court, was by Alford in-
formed of the absence of notice to complainant and
consented to the setting aside of the judgment as prom-
ised by Alford to complainant. The last amendment
also shows the judgment entry on Alford's docket which
recites the sheriff's return of the summons as executed.
Demurrers were sustained to the original bill and also
to the bill as first and last amended, and, complain-
ant declining to plead further, the bill was dismissed.

FOSTER K. HAILS, JR., for appellant.

D. B. COBBS, for appellee.

SOMERVILLE, J.— (1) In the absence of a statute
providing otherwise, a justice of the peace has no con-
trol over a judgment after the day of its rendition; and
such judgment, if valid upon its face, cannot be there-
after vacated by him on the motion of a party for any
sort of irregularity in fact.—24 Cyc. 596d.

In the present case the complainant could not by
direct motion have procured the vacation of the judg-
ment erroneously rendered against him by the justice
of the peace, except, of course, by the consent of the
plaintiff therein; and his only remedy was by the stat-
utory writ of certiorari within six months, or by bill
in equity. The case of *Glass v. Glass*, 76 Ala. 368, 370,
is not opposed to this conclusion. It was there said:
"All courts possess the inherent power to vacate, with-
in a reasonable time, any order they may have made,
which is on its face void, or so grossly irregular as not
to reach the ends which the record shows were aimed

at. Such correction is made, on motion, in the court where the judgment is rendered; and there should be notice of such motion, unless the judgment or order is void on its face."

(2) In the instant case the judgment is, upon the record, affirmatively regular and valid. The distinction is illustrated by the authorities cited in *Hatchett v. Billingslea,* 65 Ala. 16, 29, 30; *Chamblee v. Cole,* 128 Ala. 649, 30 South. 630. However, equity has impendent and original jurisdiction of such a bill, and proceeds to its exercise without regard to the complainant's failure to resort to cumulative legal remedies.—*Todd v. Leslie,* 171 Ala. 624, 55 South. 174; *Evans v. Wilhite,* 167 Ala. 587, 52 South. 845.

(3) The only debatable question raised by the demurrer to the amended bill is whether or not it exhibits such laches in the assertion and prosecution of the complainant's right to vacate the judgment in question as to forfeit that right in a court of equity.

"The true doctrine concerning laches has never been more concisely and accurately stated than in the following language of an able living judge: 'Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when, knowing his rights, he takes no step to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable, and operates an estoppel against the assertion of the right. The disadvantage may come from loss of evidence, change of title, intervention of equities, and other causes; but, when a court sees negligence on one side and injury therefrom on

[Hauser v. Foley & Co.]

the other, it is a ground for denial of relief.'—Stiness, J., in *Chase v. Chase,* 20 R. I. 202, 37 Atl. 804." 5 Pom. Eq. Jur., § 21.

"Laches, as has been well said, does not, like limitation, grow out of the mere passage of time, but it is founded upon the inequity of permitting the claim to be enforced—an inequity founded upon some change in the condition or relation of the property, or the parties.—*Galliher v. Cadwell,* 145 U. S. 368 [12 Sup. Ct. 873, 36 L. Ed. 738]." *First Nat. Bank. v. Nelson,* 106 Ala. 535, 18 South. 154.

This theory of laches is well discussed and illustrated by McClellan, J., in *Rives v. Morris,* 108 Ala. 527, 18 South. 743.

In *Grier v. Campbell,* 21 Ala. 327, and *Raisin Co. v. McKenna,* 114 Ala. 274, 21 South. 816, where the bills were filed, as here, to vacate judgments rendered without notice to the defendants, it was held that the lapse of two years and eight months in the former and three years in the latter case was no bar to the relief sought.

It is true that in particular cases a long lapse of time may alone generate a presumption of probable injury from the delay to the party complained against; or it may exhibit such flagrant indifference to the complainant's asserted right as to forfeit the protection of a court whose maxims and policy favor the diligent rather than the slothful. Nevertheless, a consideration of the present case neither condemns the delay of the complainant as unexcused, nor indicates any probability of prejudice to the respondent as the result of that delay.

On the face of the amended bill, we think that the complainant is entitled to be reinstated as defendant in the original cause, with opportunity to defend against the claim sued on. If there are any special

circumstances which render this relief inequitable at this time, they should be presented by way of answer to the bill.

(4) The fact that complainant allowed the suit in the city court to proceed to judgment against him did not, under the circumstances shown, preclude his subsequent resort to a court of chanery for relief by the use of a defense not available to him in the law court. The authorities are collected and fully discussed in *Stevens v. Hertzler,* 114 Ala. 563, 2 South. 121.

It may very well be that, in view of complainant's failure to file his bill before judgment was rendered against him in the city court, he ought in any event to be taxed with the costs there accruing as an incident to that judgment. See *Paulding v. Watson,* 21 Ala. 279.

It results that the demurrers to the bill, whether as first amended or as last amended, should have been overruled; and the decree of the chancery court in that behalf will be reversed, and a decree here rendered in accordance with the foregoing opinion.

Reversed and rendered.

ANDERSON, C. J., and DE GRAFFENRIED and GARDNER, JJ., concur.