(114 So. 1)

**ODEN v. KING et al. (6 Div. 913.)**

Supreme Court of Alabama. June 30. 1927.

Rehearing Denied Oct. 20, 1927.

**1. Equity ⚖️232—Sustaining demurrer to bill as whole, which presents any ground for equitable relief, is error.**

It is error to sustain a demurrer to a bill as a whole, where any one of its several aspects presents ground for the interposition of equitable relief.

**2. Execution ⚖️172(4)—Judgment debtor, asking to enjoin execution and cancel judgment, must plead all material facts.**

The burden is on plaintiff, asking to enjoin execution of and to cancel a judgment, to state in his pleading all material facts, including the date of rendition of the judgment.

**3. Judgment ⚖️436, 447(1)—Equity will not relieve against judgment at law, defendant being inexcusably in default or without defense.**

Equity will not relieve against a judgment at law where failure to defend in the law action was attributable to complainant's inexcusable omission, neglect, or default, or where complainant was without a good defense.

**4. Judgment ⚖️432—Fear that creditor would foreclose mortgages was not sufficient excuse for debtor's failure to defend action so as to warrant injunction against enforcement of judgment.**

Fear that creditor holding delinquent mortgages of debtor would foreclose them if debtor resisted an action on a debt was not sufficient excuse for failure to defend the action so as to warrant an injunction against enforcement of the judgment on execution.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by D. A. Oden against S. P. King and another, to enjoin execution of and to cancel a judgment, and to recover money collected as usury under foreclosed mortgages. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hugh A. Locke and Earl McBee, both of Birmingham, for appellant.

Demurrer addressed to a bill as a whole and each paragraph thereof merely has effect of a demurrer to the bill as a whole. And, where a demurrer is sustained generally, it will be presumed the chancellor did not pass on partial demurrers. It is error to sustain demurrer to bill as a whole, where one aspect of the bill is not subject to the demurrer. Thompson v. Brown, 200 Ala. 382, 76 So. 298; Hudson v. Hudson, 204 Ala. 75, 85 So. 282; Bank v. Dunnavant, 204 Ala. 636, 87 So. 105; Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Worthington v. Miller, 134 Ala. 420, 32 So. 748; Jasper Land Co. v. Manchester Sawmills, 209 Ala. 448, 96 So. 417. A court of equity has original jurisdiction to enjoin a judgment at law on a note given without consideration, even though that defense was not made in the court of law. 1 High on Inj. (2d Ed.) 124; Metler v. Metler, 18 N. J. Eq. 270. Unusual circumstances will excuse failure to assert defense in the law court. 1 High on Inj. (2d Ed.) 123; Hair v. Lowe, 19 Ala. 224; Rembert v. Brown, 17 Ala. 667; Perry v. Siter, 37 Mo. 273.

William S. Pritchard and John D. Higgins, both of Birmingham, for appellees.

The appeal was not taken within 30 days, and should be dismissed. Code 1923, § 6079; Troy v. Murphree, 214 Ala. 118, 107 So. 83. The bill is without equity. Watts v. Frazer, 80 Ala. 186; Hooper v. Peters M. L. Co., 210 Ala. 346, 98 So. 7; Eskridge v. Brown, 208 Ala. 210, 94 So. 354; Nation v. Nation, 206 Ala. 397, 90 So. 495; Norman v. Burns, 67 Ala. 248; Foshee v. McCreary, 123 Ala. 493, 26 So. 309; Evans v. Wilhite, 167 Ala. 587, 52 So. 847. Complainant is barred by laches. South v. Pinion, 207 Ala. 122, 92 So. 420.

THOMAS, J. The appeal was taken under the 6 months' statute from final decree (sustaining demurrers and dismissing the bill), under section 6078 of the Code, and not under section 6079 providing for appeals from certain interlocutory decrees.

[1] We have considered, in another case between these parties and others, the effect of assigning demurrers to the whole bill containing several aspects. Oden v. King et al. (Ala. Sup.) 113 So. 609; [1] Thompson v. Brown, 200 Ala. 382, 76 So. 298; Hudson v. Hudson, 204 Ala. 75, 85 So. 282; Bank v. Dunnavant, 204 Ala. 656, 87 So. 105; City of Birmingham v. L. & N. R. Co. (Ala. Sup.) 112 So. 742.[2] This case is within that rule, and the sustaining of demurrer to the bill as a whole and dismissing the same will be tested by the question of equity vel non as to any aspect presented. The demurrer was sustained generally; no

mention was made to partial demurrers. Sandlin v. Anders, 210 Ala. 396, 98 So. 299.

The rules of chancery pleading were recently discussed in Heflin v. Heflin, 208 Ala. 69, 93 So. 719, and American Book Co. v. State of Alabama, ante, p. 367, 113 So. 592, and it is unnecessary to be repeated.

[2] It is insisted that the aspect of the bill and prayer for injunction and cancellation as affecting the recorded judgment contained equity—that the notes sued on were without consideration, and that King was not a bona fide purchaser for value without notice. The date of rendition of the judgment is not stated in the original bill or as last amended. The burden to state all the material facts was upon the pleader.

[3] In a proper case and where circumstances of a failure to defend in the law court, sufficient to excuse complainant for such failure, it may avail him in equity. The case cited by appellant (Paulding v. Watson, 21 Ala. 279) a judgment by default founded on a gambling consideration, was not limited by the analogy of a bill of review, and may be enjoined in the enforcement after the lapse of seven years from rendition, though no excuse was given for failure to defend at law. This was by virtue of the statute (Clay's Dig. p. 350), conferring upon courts of equity jurisdiction in all cases of gambling consideration for discovery and to enjoin judgments at law. The rule long prevailing is that to entitle relief in equity against a judgment at law the failure to make a defense be not attributable to complainant's omission, neglect, or default, and that there is a good defense to the entire cause of action, or to such part thereof sought to be litigated by the bill. Hair v. Lowe, 19 Ala. 224; Zavelo v. Goldstein, 178 Ala. 321, 325, 59 So. 618. In the case of Hauser v. Foley & Co., 190 Ala. 437, 67 So. 252, the lack of service of process and knowledge of the pending suit was averred, no injury shown to the other party from delay, and not shown that the delay was inexcusable.

[4] According to the allegations, the complainant was largely indebted to respondent King by mortgage, some of which was part due and unpaid and subject to foreclosure, that complainant had been requested by said respondent King to renew and extend the indebtedness or evidences thereof embracing usurious charges of interest at a time when he was unable to pay. It is further averred that said King knew the fact of want of consideration, was not a bona fide purchaser for value without notice; that:

"At the time the said Sibley P. King took said judgment by default the complainant was indebted to the said Sibley P. King under the mortgages mentioned heretofore in this bill of complaint, and was in default on several of said mortgages and unable financially to pay the same, and the same or some of them were subject to foreclosure, and the complainant was afraid to interpose a defense to the said Sibley

---

[1] Ante, p. 504.
[2] Ante, p. 178.

P. King's obtaining said judgment, as the said Sibley P. King was well known as being hard upon debtors. The said Sibley P. King, in the taking of said judgment, committed a fraud upon the court in that he represented that the said notes upon which the said judgment was based were for a valuable consideration and otherwise valuable, or that the said Sibley P. King was a bona fide purchaser thereof for value without notice."

The phase of the bill as to foreclosure of said mortgages on October 27, 1922, that complainant surrendered possession to purchaser, presents no ground of relief from facts well understood when the bill was filed April 22, 1926. The amount of the foreclosure sale or bid is not averred; this should have been stated as material to the judgment phase of the bill. These circumstances did not justify complainant's failure to present his defense at law as unusual circumstances warranting a departure from the general rule we have set out above. Hair v. Lowe, 19 Ala. 224; 1 High on Injunction (2d Ed.) p. 123, § 185. In Rembert v. Brown, 17 Ala. 667, equity opened a stated account, where it was shown complainant was of weak and confiding mind, and that undue advantage was taken of him.

The right of amendment had been duly granted and made. No due application for further exercise of the right was made to the court. Section 9516, Code; Cooper v. Brown, 214 Ala. 400, 108 So. 20.

There was no error of the circuit court in equity, and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.

