(119 So. 670)
**DAVIS et al. v. ANDERSON.** (3 Div. 860.)

Supreme Court of Alabama. Jan. 17, 1929.

558

Thos. B. Hill, Jr., and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellee.

Ball & Ball, of Montgomery, for appellants.

FOSTER, J. The contention of appellants that the cross-bill does not show that the contract is void is probably well sustained. Its effect, if valid, was to release and cancel the notes first executed, and fix the debt at a smaller sum, evidenced by notes maturing earlier than those formerly executed. Such a release comes within the words of sections 5643 and 7669 of the Code. The former makes such a contract, in writing, valid, with or without a new consideration. The latter makes all written releases and discharges effective according to the intention of the parties. Wright v. McCord, 205 Ala. 122, 88 So. 150; Long v. Gwin, 202 Ala. 358, 80 So. 440; Barbour v. Poncelor, 203 Ala. 386, 83 So. 130.

 If this contract is governed by Alabama law, and the contrary does not appear, it is valid under the Alabama statutes. It may also be noted that the contract recites

a valuable consideration. Even though the consideration as expressed be nominal, it is valuable. The nature and character of the consideration of a contract cannot be shown to be different from that recited, as between the parties, to affect its validity. This court has similarly applied this principle in Bethea v. McCullough, 195 Ala. 480, 70 So. 680, and in Shows v. Steiner, 175 Ala. 363, 370, 57 So. 700, where the consideration was nominal.

An agreement to mature the debt earlier than its existing maturity date is a sufficient new consideration to support an accord and satisfaction. 1 Corpus Juris, 544. There was also detriment to the appellants by the contract of January 26, 1927, in that it released one of the joint debtors, and thereby the complainants were deprived of the right of contribution from him. When a joint debtor is released, along with the release of a portion of the debt, that circumstance is a sufficient consideration to support the contract of accord and satisfaction. 1 Corpus Juris, 549.

Another aspect of the cross-bill, in the alternative, is a prayer for a judgment or decree against appellants for the amount of the notes executed pursuant to the contract of January 26, 1927. Appellants demur for that there is no *equity* here. But it is not necessary that a cross-bill, seeking relief germane to the original bill, should show an equitable claim as distinguished from a legal one. Tribble v. Wood, 186 Ala. 329, 65 So. 73; Ashe-Carson Co. v. Bonifay, 147 Ala. 376, 41 So. 816; Nelson v. Dunn, 15 Ala. 501; Thompson v. Menefee, 211 Ala. 168, 100 So. 107.

Appellants in brief refer to a contention that the cross-bill is unnecessary because the original bill offers to do equity. The question was considered by this court in Gallagher v. Witherington, 29 Ala. 420; Jackson v. Prestwood, 211 Ala. 585, 101 So. 185; Haralson v. Whitcomb, 200 Ala. 165, 75 So. 913. See, also, Sims, Chancery Pract. § 643. But there is no ground of demurrer to the cross-bill which takes this point.

It is also insisted that the cross-bill does not offer to do equity. This court, in American Freehold Land Mortgage Co. v. Sewell, 92 Ala. 163, 170, 9 So. 143, 13 L. R. A. 299, referred to the fact that, when a respondent seeks affirmative relief by a cross-bill, it is subject to the principle, applicable to an original complainant, that cross-complainant must *do equity* as a condition to the granting of relief. But this is held not to apply, when the complainant (or cross-complainant, as the case may be) is not required to do anything in good conscience as a condition to the granting of relief. Marx v. Clisby, 126 Ala. 107, 28 So. 388; Sims, Chancery Pract. § 292, p. 185; Bank of Wetumpka v. Walkley, 169 Ala. 648, 653, 53 So. 830;

Worthington v. Miller, 134 Ala. 420, 32 So. 748; Mobile Land Imp. Co. v. Gass, 129 Ala. 214, 29 So. 920.

There is no conduct pointed out which cross-complainant should do as a condition to a judgment claimed on the notes due him.

While, therefore, the cross-bill does not show that cross-complainant is entitled to have the contract of January 26, 1927, canceled, and to have the original amount due him decreed, it does show that he is entitled to a decree for the amount of the notes executed in accordance with the said contract. As the demurrer is addressed to the cross-bill as a whole, and not merely to the insufficient aspect thereof, it was properly overruled. Macke v. Macke, 200 Ala. 260, 76 So. 26; Jones v. Barker, 163 Ala. 632, 50 So. 890; Dixie Grain Co. v. Quinn, 181 Ala. 208, 61 So. 886; Birmingham Trust & Savs. Co. v. Cannon, 204 Ala. 336, 85 So. 768; McMahon v. McMahon, 170 Ala. 338, 54 So. 165; Oden v. King, 216 Ala. 597, 114 So. 1; Id., 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413; Sandlin v. Anders, 210 Ala. 396, 98 So. 299.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.