156 So. 546

## HATTON v. MOSELEY.
### 5 Div. 160.

Supreme Court of Alabama.
Jan. 25, 1934.

Rehearing Denied June 28, 1934.

Further Rehearing Denied Oct. 4, 1934.

Huddleston, Glover & Jones, of Wetumpka, for appellant.

Holley & Milner, of Wetumpka, for appellee.

BOULDIN, Justice.

The bill is to cancel and vacate a judgment at law in the circuit court.

The judgment was by default on personal service, shown by the official return, and recited in the judgment.

The equity of the bill is in its allegations that in fact no service was had on the defendant, complainant in this bill; that he had no knowledge of such suit, nor of the judgment rendered therein until after the lapse of thirty days from its rendition; that complainant had a good and valid defense to the demand sued upon, which defense is set forth in the bill.

The judgment at law, as shown by the bill, was rendered April 21, 1921. The bill was filed June 24, 1925, more than three years from the rendition of the judgment.

Respondent, in addition to a denial of any want of service, and a denial of any good defense, interposed a plea alleging that complainant had knowledge of the existence of such judgment more than one year before the bill was filed, and the same is barred by the statute of limitations.

It appears in evidence that on September 28, 1923, more than a year before the bill was filed, a petition was filed by Alabama Power Company to condemn to public use certain lands in which this complainant had an interest, and notice was served on him reciting that such lands were subject "to a judgment lien in favor of said A. E. Moseley."

Complainant's testimony discloses that, seeing the import of such notice, he promptly investigated and found the judgment on the records.

The bill was not filed until more than a year thereafter, and more than three years after the judgment was rendered.

In a long line of decisions this court has declared bills in equity to enjoin or cancel judgments at law because of mistake, accident, or fraud, are bills in the nature of bills of review, and, by analogy, a limitation of three years has been applied; with proviso that one year must be allowed after the discovery of the fraud, mistake, etc., upon which the equity of the bill rests. Gordon's Adm'r v. Ross, 63 Ala. 363; Heflin v. Ashford, 85 Ala. 125, 3 So. 760; Sims v. Riggins, 201 Ala. 99, 77 So. 393; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Maxwell v. Lauderdale, 200 Ala. 648, 77 So. 22; Quick v. McDonald, 214 Ala. 587, 590, 108 So. 529; Oden v. King, 216 Ala. 597, 114 So. 1; Manegold v. Beavan, 189 Ala. 241, 66 So. 448; Graves v. Brittingham, 209 Ala. 147, 95 So. 542.

By an equally long and clear line of decisions, bills challenging the jurisdiction of the law court for want of service, involving an attack on the verity of judicial records, are of the same class as those which charge fraud in the procurement of the judgment.

The same averments of a good defense to the cause of action must appear; and the same diligence in seeking redress in the original cause.

Thus, if knowledge of such judgment comes to the defendant therein during the thirty-day period while the judgment is under the control of the court, and in time to bring such lack of service to the attention of the court, and he fails so to do, he is forever barred in equity. Blood v. Beadle, 65 Ala. 103; Ex parte Walker, 54 Ala. 577; Hendley v. Chabert, supra; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Garvey v. Inglenook Const. Co., 213 Ala. 267, 104 So. 639; Kelley v. Chavis, 225 Ala. 218, 142 So. 423; Craft v. Hirsh, 227 Ala. 257, 149 So. 683.

We can see no good reason for a different rule of limitation in this case from those proceeding on the ground of fraud.

Appellant relies upon Hauser v. Foley & Co., 190 Ala. 437, 67 So. 252, Grier v. Campbell, 21 Ala. 327, and Raisin Fertilizer Co. v. McKenna, 114 Ala. 274, 21 So. 816, as establishing a different rule in cases of this sort.

True, these cases proceed on the general doctrine of laches. But it is apparent from the opinion in Hauser v. Foley & Co., supra, that the court considered the case as governed by the same principles as cases of fraud. The cases of Todd v. Leslie, 171 Ala. 624, 55 So. 174, and Evans v. Wilhite, 167 Ala. 587, 52 So. 845, attacking judgments for fraud, are there cited by the court as authority for the equity jurisdiction invoked.

No notice is taken in the Hauser Case of the rule declared in Gordon's Adm'r v. Ross, supra, and cases following it declaring such bills to be bills in the nature of bills of review and subject to like limitations.

The case of Grier v. Campbell, supra, did not involve any question of three-year limitation; and Raisin Fertilizer Co. v. McKenna, supra, merely cites that case, and takes no note of Gordon's Adm'r v. Ross, supra.

In the Hauser Case no plea was interposed, and the court was merely considering whether the bill, on its face, disclosed such laches as rendered it subject to demurrer. The bill was directed to a judgment of a justice of the peace, and averred the complainant called the matter to the attention of the justice who promised to set the judgment aside, and complainant knew nothing more about it until it was sued upon five years later.

We are not impressed this court has intended to establish a rule of limitation in cases involving service, different from the settled rule in other bills in the nature of bills of review, governed by the same equitable principles as to vigilance, etc.

In all of them, equity will consider facts excusing delay in bringing such suit. There is no occasion to disturb the holding in Hauser v. Foley & Co., 190 Ala. 437, 67 So. 252, on this line.

Indeed, this court has already had occasion to differentiate that case upon the ground of excusable delay. Oden v. King, 216 Ala. 597, 114 So. 1.

In the case before us, for more than three years after rendition, and for more than one year after full knowledge of the existence of the judgment, carrying a lien on complainant's land, and of the pendency of proceedings directly involving the beneficial ownership, complainant delayed action, and no excuse is shown therefor.

The three-year rule, with one year after knowledge, affords ample time, has an element of certainty, is promotive of justice. There is every reason why it should apply to bills of this sort.

Such a bill charges an invasion of the fundamental right to a day in court; seeks to nullify a record showing he has had his day in court; presents just such a case as would suggest prompt and vigorous action against a palpable wrong.

Surely, a longer period should not be allowed for bills impeaching records in the court of law than for bills of review for matters apparent on the record.

We therefore concur with the court below in holding the suit barred by limitation. There is no occasion to consider the weight of evidence on other issues.

Affirmed.

All the Justices concur.